May Term, 1840.

SMITH
v.
WEBB.

---

SMITH *v.* WEBB, Assignee.

A plea which appears from its face and the plaintiff's affidavit to be false, and to have been filed merely for delay, may be rejected on motion.

ERROR to the *Warren* Circuit Court.

BLACKFORD, J.—This was an action of debt commenced in *September*, 1838, by *Webb*, assignee of *Harris*, against

Thursday,
*May* 28.

*Smith*, on a promissory note dated in *May* of the same year. There are five pleas. 1. Payment to *Harris;* 2. and 3. Failure of consideration ; 4. That as to 50 dollars, part, &c., the defendant paid the plaintiff that sum, on, &c.; that the plaintiff released the balance of the sum mentioned in the declaration ; and that the release is burned; 5. That the defendant on, &c., paid the plaintiff 50 dollars; that in consideration thereof, the latter released the former from the sum mentioned in the declaration ; and that the release is in the defendant's possession.

Upon the first three pleas issues were joined.

The plaintiff made an affidavit "that the fourth and fifth pleas were untrue and sham pleas," and moved the Court to reject them. The motion was sustained.

The defendant applied for a continuance, but the application was correctly overruled.

The cause was submitted to the Court, and judgment rendered for the plaintiff.

Whether the last two pleas were correctly rejected, is the only material question in the case.

*Bacon* says that the pleading a sham plea, or such a one as the party knows to be false, is a great abuse of the justice of the Court; and such pleas have not only been set aside with costs, but the parties censured, and otherwise punished according to the discretion of the Court. 6 Bac. Abr. 7th Lond. Ed. 255. Again, it is said that if a plea contain very improbable matter, and the frame of it is subtle and intricate, so as to lead to the inference that it is pleaded for a dilatory purpose, the Court will, *on motion,* supported by affidavit of its falsehood, allow judgment to be signed by the plaintiff as for want of a plea, and make the defendant or his attorney pay the costs. Steph. on Plead. 442.

The following late case is similar to the one now under consideration : Debt, in 1832, on a judgment. Plea, a release dated in *December*, 1831, but destroyed by accident. The plaintiff, upon an affidavit that the plea was false, obtained leave to sign judgment as for want of a plea. The chief justice said, that if the plea had been one on which only one issue could have been taken, and there had been a *profert* of the alleged release, he was not prepared to say

but that the leave should be refused; but that the plea was so ingeniously prepared, that it was likely to occasion perplexity and expense, and the plaintiff might be at a loss whether to take issue on the existence of the release or its destruction by accident. The other judges gave similar opinions. *Gaselee, J.* said,—This plea raises different issues, and has something improper on the face of it, for it is improbable that the defendant should be unable to produce a deed executed in *December* last. Those who put in these false pleas would do well to look to the practice in early times, when it appears they were liable to be severely punished. *Smith* v. *Hardy,* 8 Bingh. 435.

We think that the pleas before us might, from their face, and from the plaintiff's affidavit, be presumed to be false, and to have been filed merely for delay. That presumption would have been done away as to one of the pleas, had either the defendant or his counsel verified such plea by affidavit. Both pleas could not be so verified, because they were inconsistent with each other.

The motion to reject the pleas was correctly sustained.

*Per Curiam.*—The judgment is affirmed, with 6 *per cent.* damages and costs.

*R. A. Chandler* and *D. Mace,* for the plaintiff.

*R. C. Gregory,* for the defendant.