## WALPOLE v. COOPER.

A plea, apparently good on its face, cannot be set aside upon an affidavit that it is false.

ERROR to the *Hancock* Circuit Court.

SULLIVAN, J.—Assumpsit by *Cooper*, assignee of *Preston* and *Meek*, against *Walpole* on a promissory note. Pleas, 1. Payment to the assignors before the assignment; 2. Payment of 50 dollars part, &c., to the assignors, &c. 3. That the note was obtained from the defendant by the assignors by fraud, &c. 4. Payment to the assignors in manner following, viz., that, at the time of the assignment, they were indebted to the defendant in the sum of 175 dollars for professional services, &c. 5. That at the time of making said promissory note, the assignors agreed to receive from the defendant cash notes in satisfaction and discharge of the same, which he has always been ready to pay, &c. 6. Non assumpsit. The plaintiff, on affidavit filed stating that the pleas were false, vexatious, and intended for delay, moved to set them aside. The defendant objected, but the Court set aside the pleas, and gave judgment for the plaintiff.

It is the duty of a Court, when a false plea is filed which is evidently intended to hinder, perplex, and delay the case, to reject it on motion. This should be done to guard.the administration of justice against mockery and abuse. In the performance of this duty, however, care should be taken that the Courts do not usurp the rights of another tribunal, by

deciding upon the truth or falsity of matters of fact. There are cases reported, in which the Courts have set aside pleas apparently good upon their face, upon an affidavit that they were false and vexatious. The case of *Richley* v. *Proone*, 1 B. & C. 286, is of that kind. But those cases are discountenanced by later decisions, and the rule seems now to be, that if there be nothing improper on the face of the plea, and it be relevant, a motion to reject it on account of its falsity, or to sign judgment as for want of a plea, will be overruled. *Merrington* v. *Becket*, 2 B. & C. 81.—*Smith et al.* v. *Backwell*, 4 Bing. 512.—1 Blackf. 347, note (1). An application to reject a plea, founded on an affidavit that it is false, must, in general, be met by an affidavit of the defendant that the plea is true. The effect, therefore, of listening to such applications is to require pleas to be verified by affidavit, which, according to the statute, may be pleaded without oath.

Some of the pleas in this case are clearly defective, others are well pleaded. As the case must be reversed, we will leave the plaintiff to his demurrer to the defective pleas, and allow him to take issue on those well pleaded.

*Per Curiam.* — The judgment is reversed with costs. Cause remanded, &c.

*P. Sweetser*, for the plaintiff.

*O. H. Smith*, for the defendant.