Blackford, J.
— “ The third and fourth pleas are very defective.
Neither the amount of the taxes, nor the names of the purchasers at the tax-sale, are given; and the land, for any thing shown, was redeemable. These pleas rely on a breach of covenant against in-cumbrances ; but they do not show the defendant to have been injured by the incumbrance. No eviction under the incumbrance is shown. Had the defendant paid the taxes, he might have thus lessened the amount recoverable on the note; but no such payment is alleged. The demurrers were rightly sustained. Whisler v. Hicks, 7 Blackf. 100; Smith v. Ackerman, id. 541; Clark v. Snelling, at this term. Besides, had these pleas been a defence, the sustaining of the demurrers to them would not have injured the defendant, as he might, in that case, have proved the facts stated in the pleas, under the general issue. Shanklin v. Cooper, 8 Blackf. 41.
“ The fifth plea is also bad. The note being an entire demand payable on a certain day, the plaintiff was not bound to receive the horse without, the notes. He had not contracted to do so. In the case of a note payable in money on a certain day, the payee is not obliged to receive the, money in parcels. The law must be the same when the note is payable in different kinds of goods. There is here *189 but one contract,—a promise to pay sixty dollars, on a certain day, in a horse and cash notes,—and there can be no legal tender in such cases, but of the whole that is due. Chit, on Con. 40; Pothier on Obi. Nos. 498-9; Heskett v. Faucett, 11 Mees. & Welsh. 356, per Parke, B.
“ The plaintiff contends that the evidence does not support the judgment. *■
“ The note and assignment, described in the declaration, were given in evidence by the plaintiff.
“ The question raised on the evidence is, whether or not the defendant proved a legal tender.
“ The material facts relative to the tender were as follows:
“ On the day- fixed by the note sued on for the delivery of the property, an agent of the defendant tendered to the payee, in discharge of the note, a mare worth forty dollars, and also cash notes, that is, promissory notes, on different individuals, to the amount of twenty dollars. The tender was refused. The notes tendered were not endorsed by the defendant, nor was there any offer made to endorse them. No description of the notes tendered was proved.
“ Supposing that the suit would have been barred by a proper tender and a refusal of the property', as to which we give no opinion, it is evident, that the tender to produce that effect, should have been of all the property^ contracted for. Here the notes tendered were not endorsed, nor offered to be endorsed by the defendant; nor were they shown to be transferable without endorsement. The notes, therefore, were not legally tendered, and the pleas of tender were not proved.
£; The defendant objects to the declaration, because the consideration of the note sued on is not set out; but the objection is not tenable. It has been held, that under the statute of 1843, a note for money payable on a contingency, may be declared on, without setting out the consideration. Nichols v. Woodruff, 8 Blackf. 493. We think the note now in question, which is payable in property', is also within the statute. . It was not necessary, therefore, to set out the consideration. R. S. pp. 576—b77.”
Judgmen t reversed, &c.