May Term,
1858.

BROWN
v.
LEWIS.

———— •••• ————

## BROWN and Wife *v.* LEWIS.

Where the sum demanded in the conclusion of a complaint in the Common Pleas exceeds the jurisdiction, the Court may permit an amendment reducing the claim to an amount within the jurisdiction.

If an answer is valid on its face, and no facts exist peculiarly within the judicial knowledge of the Court, showing it to be a sham defense, it should not be stricken out upon affidavit of its falsity.

*Friday,
May 28.*

APPEAL from the *Grant* Court of Common Pleas.

HANNA, J.—This was a suit upon a note, and to foreclose a mortgage. The plaintiff, in his original complaint, demanded judgment for 1,600 dollars, the amount of the note, and that the mortgage be foreclosed, &c.,

There was no demurrer filed.

The defendants answered, admitting the execution of the note and mortgage; that they had paid on the same the sum of 1,035 dollars; that said note was given for the consideration of certain lands, &c.; and that the plaintiff had no title to said lands.

The Court, on motion of plaintiff, permitted him to amend his complaint by inserting that the defendants were entitled to a credit of 1,035 dollars, for so much paid on said note, and demanding judgment for 900 dollars. This was objected and excepted to.

The Court likewise sustained a motion made by plaintiff, based upon affidavits, to strike out that portion of the answer which alleged a want of title in the plaintiff, at the time of sale of the lands named. This was also objected and excepted to.

These two exceptions present the only points insisted upon by counsel.

No question was made in the Court below, as to the jurisdiction of that Court; but it is now urged that before the amendment was made the sum demanded in the body and at the conclusion of the complaint was above the jurisdiction of the Court; and that such jurisdiction could not be acquired by permitting the plaintiff to amend by alleging credits which would so far reduce the amount claimed as to bring it within the statutory sum.

This is a similar question to that presented to us in the case of *Epperly* v. *Little*, 6 Ind. R. 344, which has been followed in other cases.

From the offer to amend, by giving credits which would reduce the amount due to less than 1,000 dollars, it is manifest that not more than that sum was claimed by the plaintiff, and we think, under our liberal statute of amendments, the Court did not err in permitting such amendment.

It is contended by the appellants, and several authorities cited to sustain the position, that in a Court of limited jurisdiction the complaint must show that such Court has jurisdiction. In *Wetherill et al.* v. *The Inhabitants*, &c., 5 Blackf. 357, it is decided that the Court in which the suit was instituted had no jurisdiction, because of the magnitude of the sum; and yet this Court sent the case back with leave to the plaintiffs to amend the declaration. The inferior Court, in the case at bar, did nothing more than grant such leave.

As to the other question, the affidavits of counsel and of the plaintiff were filed, stating that the title conveyed was valid; that the defense attempted to be set up was a sham defense, for the purpose of delaying the plaintiff, &c.; and that defendants had conveyed the land to a third party, whose affidavit was also filed, stating that he had purchased the land of defendants, who represented the title as valid, &c.

Upon these affidavits, and the admission of counsel who filed the plea that he knew of no defect in the title, a rule was granted against the defendants to show cause against

May Term,
1858.

striking out that portion of the answer included in the motion. No cause being shown, the motion was sustained.

We think there was error in this. The defendants, in answer to the rule, might have set up in affidavits, that the answer was filed in good faith; and thus have made a trial on affidavits. *Walpole* v. *Cooper*, 7 Blackf. 100. The Court had the power under the statute to strike out the paragraph, as setting up a sham defense (5 Blackf. 287; 2 R. S. p. 44; Van Santvoord's Pl. 593, 594, and authorities cited), where the answer was irregular, &c.; and, indeed, the last cited authority appears to indicate pretty strongly that it is now settled in *New York* that a plea, good on its face, may, on affidavits of its falsity, &c., be stricken out. But we think the better practice is to avoid such trials upon affidavits, and that if the answer is legal on its face, and no facts exist, peculiarly within the judicial knowledge of the Court, showing it to be a sham defense, it should stand.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*A. Steele, H. D. Thompson* and *J. Brownlee,* for the appellants (1).

*I. Van Devanter* and *J. F. McDowell,* for the appellee (2).

