## SUPREME COURT.

### CORBETT agt. ENO and others.

An *answer* containing a general denial of a material allegation of the complaint can be stricken out as *sham*, (*following the case of People agt. McCumber*, 18 *N. Y. R.*, 315.)

When the matters alleged in defence are stated on *information and belief*, and a motion is made to strike out the defences as *sham*, upon affidavits made by those who must necessarily be possessed of the requisite knowledge showing the matters to be false, it is incumbent on the defendant, in his answering affidavit, to show at least the sources of his information, and to show that there may at least be a bare possibility of his allegations being true.

*New York Special Term, October,* 1861.

MOTION by plaintiff to strike out the defendants' answer as sham.

BARNARD, Justice. Complaint is on a promissory note alleged to be made by a firm composed of the four defendants, three of them being general partners and the fourth a special partner. The general partners answer. The only averments in the answer which raise any issue are, "They deny, on information, that the note mentioned in

the complaint was at any time for value transferred to plaintiff, and deny that plaintiff is the owner and holder of the note ; and to the contrary thereof they aver that such note is, and at the commencement of this action was, lawfully owned by Orlando Bogert and Robert H. Corbett; and that they are, or one of them is, the real party in interest."

Motion is made to strike out the answer as sham.

The first question that arises is, whether an answer containing a general denial of a material allegation in the complaint, can be stricken out as sham. The court of appeals, in *The People* agt. *McCumber*, (18 *N. Y. R.*, 315,) have decided that it can be, and I am not aware that that court has either reversed or modified its decision made in that case. It is consequently of binding authority. The next question is, are these averments false ? The plaintiff moves, on the affidavits of Orlando M. Bogert and Robert H. Corbett, (who are alleged by the answer to be the owners of the note and the real parties in interest,) and they both swear that they never at any time, either separately or jointly, owned said note, in part or whole, and that they have no interest in the action or the prosecution or result thereof; and Cooper E. Corbett swears, of his own knowledge, that plaintiff is the lawful owner and holder for value. To meet these affidavits, the three answering defendants have made an affidavit wherein they swear simply that the denials in the answer and the averments of the ownership of the note (which denial and averments are above extracted,) are made on information and belief; and that they verily believe each and every such denial and averment to be true. Averse as I am to striking out answers as sham, still I think this motion should be granted. When the matters alleged in defence are stated on information and belief, and a motion is made to strike out the defences as sham upon affidavits made by those who must necessarily be possessed of the requisite knowledge showing the

matters to be false, it is incumbent on the defendant, in his answering affidavit, to show at least the sources of his information, and to show that there may at least be a bare possibility of his allegations being true. The court cannot assume that there is any such possibility when parties having the requisite means of positive knowledge swear positively to a fact, and such oath is only met by a party swearing generally that he is informed differently.

Motion granted, with $10 costs.