JOHN TORRENCE, RESPONDENT, *v.* WILLIAM STRONG, ADMINISTRATOR OF THE ESTATE OF AMORY HOLBROOK, DECEASED, APPELLANT.

DEFENSE WHEN CANNOT BE DEMURRED TO.—When a defense is set forth in proper form, containing facts within itself sufficient to constitute a defense, it cannot be demurred out. It may, if false, be stricken out on motion.

STATUTE OF LIMITATIONS.—A payment by an attorney of the principal or interest on demands collected by him for his client prevents the operation of the Statute of Limitations to bar the client's right of action against such attorney for collections retained by him.

JURY ARE PRESUMED TO FIND.—The jury are presumed to find every material allegation in the complaint in favor of the plaintiff, where a general verdict has been rendered in his favor in the Court below.

APPEAL from Multnomah County.

The facts are stated in the opinion of the Court.

*Strong & Trimble,* for Appellant.

A part payment of a debt to take it out of the Statute of Limitations must be on account of the particular debt for which the action is brought and must be made only as a part payment of a larger debt. Unless it amounts to an ad-

mission that more is due, it cannot be regarded as an admission of a still existing debt; and in the absence of conclusive testimony it will not be regarded as an admission of any more debt than it pays. (3 Parson on Con. 67, 69, 71; 2 Greenl. on Ev., § 445; Ang. on Limit., § 244.) The payment of money on an account is no admission of an unsettled account beyond the amount paid. (3 Parson on Con. 67, and note 1.)

The statute (Civ. Code, § 25) fixes the time when the Statute of Limitations commences running in case of payment of *principal* or *interest*, and shows that it has reference to the part payment of a *debt* as contradistinguished from an open or unsettled account. The demand of respondent against Holbrook was not a debt and the payments made by the latter were not payments of either principal or interest of a debt.

Moneys collected on debts of another are not matters of open and running account within the statute. (*Maury* v. *Mason*, 8 Porter, Ala. 211; 2 U. S. Eq. Dig. 264.) To constitute mutual accounts there must be items within the period limited by statute on both sides of the account. (*Gulick* v. *Turnpike Co.*, 2 Green, 545; 5 U. S. Dig. 365.) Where one receives several debts of another for collection and collects them at different times, the amounts received on the respective debts are distinct debts from the collector to the owner, and the fact that one debt so collected has been paid to the owner does not prevent the collector from setting up the statute in bar of an action for the recovery of the others; nor will the payment of one debt to the owner constitute an admission of another. (8 Porter, 211; 2 U. S. Eq. Dig. 264.) Where payments on account are made by one party, for which the other gives credit, it is an account without reciprocity, and only upon one side. Payments do not constitute a part of a mutual account. (Ang. on Limit., § 149; 7 Halst. R. (N. J.) 339; *Bennett* v. *Davis*, 1 N. H. 19; *Kimball* v. *Brown*, 7 Wend. R. 322; 35 Cal. 122.) Mere disconnected accounts are not such running accounts as will take a case out of the Statute of Limitations. (*Green* v. *Caldeleugh*, 1 Dev. & Bat. 320.)

It is contended by respondent that the relation of *trustee* and *cêstui que trust* existed between Holbrook and respondent and that the Statute of Limitations does not apply in such a case. Constructive trusts, resulting from agencies, partnerships and the like, are subject to the Statute of Limitations. (*Farman* v. *Brooks,* 9 Pick. 243.)

The trusts intended by Courts of equity not to be reached or affected by the Statute of Limitations are those technical and continuing trusts which are not at all cognizable at law, but fall within the exclusive jurisdiction of a Court of equity. (*Murray* v. *Coster,* 20 John. R. 583; *Finney* v. *Cochran,* 1 Watts & Serg. 112; 5 U. S. Dig. 349; 48 Penn. 518.)

The Statute of Limitations may be pleaded by an attorney in a suit brought against him by his client. (*Hicox* v. *Hicox,* 13 Barb. 632; 7 Greenl. on Ev. 298; 5 Hill, 398; 48 Penn. 518, 524.) Such action must be brought within six years after the money is received. The fact that a demand was not made within six years before suit is brought will not save the statute. (*Stafford* v. *Richardson,* 15 Wend. R. 392; 1 Am. Leading Cas. 707; 5 Hill, 398; 31 Ill. 398.)

The Circuit Court has no power to appoint a guardian *ad litem* in the case of lunatics. This control is vested exclusively in the County Court. (Civ. Code, § 869.)

*Page & Thayer,* for Respondents.

The facts set out in the complaint show that the statute could not have run and the plea admits those facts. (Strong Eq. Pl., § 754.)

Pleadings in such cases should conform to equity pleadings at common law. (36 Barb. R. 628; 19 Cal. 476.)

The transaction described in the complaint was in the nature of a continuing trust, and the statute would not begin to run until after a demand was made. (19 Cal. 173; 7 Wend. R. 322; 5 Barb. R. 585; 5 Hill, § 398; 2 Sandf. R. 142; 36 Barb. R. 662; 39 Barb. R. 634; Ang. on Limit. 170, 175, 176, 177.) Defendant's liability was upon an existing contract upon which partial payments had been made, and in such cases the period of limitation is from the time those payments are made. (Civ. Code, § 3.)

The plaintiff's plea, if true, is still no bar. He says the cause of action and each of them "accrued" to the plaintiff more than six years before the death of said Holbrook and the commencement of this action. This is bad in form. (Ang. on Limit. 303; 2 Hill, 59; 15 Pick. 302; 20 How. U. S. 149.) But if correct in form the action may be maintained, as having accrued only from the time of the presentment of the claim and the refusal of the administrator to allow it. (27 Cal. 274.)

By the Court, THAYER, J.:

This is an appeal from a judgment recovered in the Circuit Court, Multnomah County. It was an action to recover money. The plaintiff, John Torrence, alleged in his complaint that Amory Holbrook died intestate on the 26th day of September, 1866, and that William Strong was, on the 1st day of October, 1866, duly appointed his administrator and had duly qualified, etc., and as such administrator was made defendant.

It was also alleged that on the 30th day of November, 1858, in the lifetime of said Holbrook, the plaintiff retained and employed him, as his general attorney, for certain fees and rewards, to do and perform such business appertaining thereto as plaintiff might thereafter request, and that said Holbrook undertook and promised to fulfill his duty in relation thereto. That said Holbrook, in pursuance of such retainer and employment, received for collection certain notes and obligations belonging to plaintiff and which were placed in his hands. That a part of the notes, etc., Holbrook has returned to plaintiff; others he had collected, a part of the proceeds of which he had not paid over. The plaintiff filed with his complaint an exhibit which he alleged to be a correct statement of the transactions, in which he charged Holbrook for the notes delivered and moneys collected thereon and money placed to his credit, and credited him with the notes returned and moneys paid over, and which contained the dates of the several transactions. Plaintiff also alleged that there was a balance due him thereon of $4606.26, and that he had regularly pre-

sented the claim to the defendant as administrator and payment had been refused by him.

The defendant filed an answer denying some of the allegations in the complaint; also claimed payment; admitted the payments credited Holbrook in complaint; set up certain counter claims, and interposed as a defense the Statute of Limitations.

Plaintiff demurred to the defense or plea of the Statute of Limitations, and the Circuit Court sustained the demurrer; he then filed a reply denying the other matters of defense and counter claim set forth in the answer.

The case afterwards came on for trial before the Court and a jury duly empaneled. When the cause was called for trial, the defendant filed an affidavit setting forth that the plaintiff was insane, and insisted that the trial should be postponed. The plaintiff's counsel thereupon applied to the Court for the appointment of a guardian *ad litem* for plaintiff, and the Court appointed one accordingly. The trial then proceeded, and the jury returned a verdict of $3092.62 in favor of the plaintiff, upon which judgment was afterwards entered against the defendant generally, with costs of action.

The appellant claims that the judgment of the Circuit Court is erroneous in several particulars, which he specifies in his notice of appeal. They are principally as follows:

That the complaint does not contain facts sufficient to constitute a cause of action;

That the Court erred in sustaining the plaintiff's demurrer to the part of the defendant's answer which avers as a defense the Statute of Limitations;

That the Court erred in rendering judgment generally against the defendant; and,

That the Court erred in proceeding to try the action when it appeared that the plaintiff was insane.

Only two of the points assigned as error were earnestly insisted upon in the argument, and in the opinion of this Court they are the only questions in the case that raise any doubt as to the legality of the proceedings in the Court below. The complaint unquestionably contains facts suffi-

cient to constitute a cause of action, and we can see nothing in the question regarding the insanity of the plaintiff which can affect the judgment. Questions of that character must be raised by a plea in some form. The defendant certainly could not take advantage of it by objection or motion. The order appointing a guardian *ad litem* was an unnecessary proceeding, and perhaps not warranted by law, but it could not have affected any substantial right of the defendant. The question of plaintiff's insanity was not really before the Court, and when suggested in the proceeding should have been disregarded.

The defendant's plea of the Statute of Limitations was not demurrable; as a matter of strict legal right, the defendant was entitled to the plea.

The Code provides that a defendant may set forth by answer as many defenses and counter-claims as he may have; and when a defense is set forth in proper form, containing facts within itself sufficient to constitute a defense, it cannot be got rid of by demurrer.

It may be stricken out on motion if false, but cannot be demurred out. The respondent's counsel, however, insists that it affirmatively appears that the plaintiff's cause of action was not barred by the Statute of Limitations, and that if the defendant's plea of the statute had been permitted to stand it would not have availed him. There has been no statement or bill of exceptions in the case returned, and this Court can only examine the ordinary record proceedings.

It appears from the complaint that the plaintiff's cause of action arose out of the contract made with Amory Holbrook, November 30, 1858; that at that date the plaintiff placed in Holbrook's hands, who was an attorney-at-law, the notes and obligations referred to, and had deposited with W. S. Ladd & Co., bankers, $1500 gold coin, to the credit of Holbrook, which had been drawn and used by him.

That Holbrook had, from time to time, between that date and the time of his death, returned to plaintiff certain of the obligations, and paid him certain sums of money in payment of the proceeds of the obligations collected by him,

the last of which payments was made by him on the 14th day of April, 1866. The defendant in his answer admits the payment of the money and return of the obligations. The language of that part of his answer is as follows:

"That he does not deny that said Holbrook paid over and deposited to the use of the plaintiff the money, notes, etc., credited to the defendant in the complaint, amounting to $3565.75, besides the Abernathy & Co. notes, and also $300, which plaintiff admits was paid April 14, 1866, but says the amount was $500," etc.

Hence, taking the complaint and answer together, this Court is of opinion that the Statute of Limitations had not run when the action was commenced, to wit, on January 10, 1868. A payment in such case of principal or interest prevents the operation of the statute until the full time has elapsed after the payment. (Civ. Code, §§ 24, 25.) The plaintiff, under the circumstances, had six years after the payment in which to commence the action. We are unable to perceive how the defendant could have been benefited by the plea in question.

The jury are presumed to have found every material allegation in the complaint in favor of the plaintiff, and would have been compelled, as the issues were framed, to find that the payments had been made by Holbrook, as credited in the complaint, and could not have found that the Statute of Limitations had run, if the issue tendered upon that point had been tried. The rule is that an error in the Court below, which on its face and by legal necessity could do no injury, is not cause for reversing a judgment. We think the error in this case comes within the principle of this rule.

That, under the circumstances, it was only technical and could not have prejudiced the defendant, and is, therefore, no cause for reversing the judgment.

The judgment, however, as entered, was irregular. It should have been entered against William Strong, as administrator of the estate of Amory Holbrook, so as to establish the claim of Torrence against said estate for the amount of the judgment and costs recovered in the Circuit Court. The judgment must be modified in that particular; in all other

respects it is affirmed.  But the appellant is entitled to recover the costs of this Court.

The case is remanded to the Court below for further proceedings, in accordance with the foregoing decision.

Mr. Justice McARTHUR did not sit in the cause.