C. N. Nelson Lumber Co. *vs.* J. H. Richardson and another.

November 28, 1883.

**Sham Answer.**—An answer containing only general denials may be struck out as sham. A verified answer may be struck out as sham.

This action pending in the district court for Clay county, in the 11th district, the plaintiff moved to strike out the answer as sham and false. The motion was made before *Collins,* J., of the 7th district, at St. Cloud in Stearns county, being nearer the county seat of Clay county than is Duluth, the residence of the judge of the 11th district. The motion was granted, and the defendants appealed.

*Ira B. Mills* and *Briggs & Elders,* for appellants.

*Warner & Stevens,* for respondent.

Gilfillan, C. J. Action on three promissory notes, alleged by the complaint to have been executed by defendants in their partnership name, and payable to plaintiff, copies of the notes being set out in the complaint. The answer, verified, denies each and every allegation in the complaint, except as specifically admitted, qualified, or explained; and then, as to each of the notes, denies any knowledge or information sufficient to form a belief whether the copy set out in the complaint is a true copy of any note ever given by defendants to plaintiff. Plaintiff moved that the answer be struck out as sham, and supported the motion by affidavits showing the falseness of the denials. Defendants did not attempt to support the answer. Its falseness is indisputable. Interposing it was a mere quibbling attempt to trifle with the administration of justice.

In *Morton* v. *Jackson,* 2 Minn. 180, (219,) it was said that an answer that contains only denials does not come within the definition of "sham," and also that a verified answer cannot be struck out as sham. That suggests a definition of "sham" that is too narrow; an answer containing only denials may be just as false, just as readily interposed in bad faith, and for the mere purpose of delay and obstructing the administration of justice, and therefore just as mischievous and reprehensible in every respect, as one setting up new

matter. In *Conway* v. *Wharton*, 13 Minn. 145, (158,) it was held that a verified answer may be struck out as sham. In *Hayward* v. *Grant*, Id. 154, (165,) it was said, "If the denial is false, it may be stricken out notwithstanding the answer is verified." This we deem to be the correct rule.

Order affirmed.