GEORGE A. WHEATON and another *vs.* RINALDO R. BRIGGS and Wife.

## July 20, 1886.

**Sham Answer.**—When a complaint in an action for the foreclosure of a mortgage executed by defendant contains specific allegations of the time, place, volume, and page of the record of an assignment thereof, in the proper registry of deeds, an answer verified in the county in which such registry is, denying any knowledge or information sufficient to form a belief as to such assignment or record, is sham.

Appeal by defendant Rinaldo R. Briggs from an order of the district court for Clay county, *Baxter*, J., presiding, striking out his verified answer as sham.

*Rinaldo R. Briggs, pro se.*

*Burnham, Mills & Tillotson,* for respondents.

BERRY, J.   This is an action to foreclose a mortgage of real estate in our county of Clay.   The complaint contains all the allegations necessary to show a right of foreclosure in the plaintiffs, and, among other things, it is alleged that the defendants, Briggs and wife, executed the mortgage to three persons, viz., Wheaton, Reynolds, and Wilcox; that the same was duly recorded in the proper registry of deeds; and that Wilcox transferred all his right, title, and interest in the same to Wheaton and Reynolds (the plaintiffs) by an assignment in writing, under his hand and seal, which "was duly recorded in the office of the register of deeds in and for Clay county, in the state of Minnesota, on the seventeenth day of June, 1885, at 1 o'clock P. M., in Book 5 of Mortgages, on pages 240 and 241."

The answer of Briggs is confined to a denial of "any knowledge or

information thereof sufficient to form a belief whether any of the allegations of the complaint, in reference to the assignment of the mortgage or its record, are true or not." The answer was very properly stricken out as sham. The complaint refers the defendant, by book and page, to a record which is by statute made evidence of the existence and genuineness of the assignment in question. This record was not only in the county in which defendant resided, and verified his answer, but the verification appears to have been taken by the deputy-clerk of the district court of that county, (by the seal of which court it is attested,) and presumably at the county-seat, and in the very court-house in which the record referred to is kept. In such a state of facts, to permit a defendant to purposely shut his eyes upon that which is before him, and then deny all knowledge or information of that which he cannot otherwise avoid seeing, would discredit the administration of justice. *C. N. Nelson Lumber Co.* v. *Richardson*, 31 Minn. 267, (17 N. W. Rep. 388;) *Hathaway* v. *Baldwin*, 17 Wis. 616.

Order affirmed.