PATRICK v. McMANUS.

14   65
23   71

1. POLICY OF CODE PLEADING — STRIKING OUT SHAM DEFENSES.— It
   is the policy of the code to suppress falsehood and secure truth in
   pleadings, and as one means of securing such result authority for
   striking out sham answers and defenses is given.
2. COUNTER-CLAIMS SUBJECT TO SAME RULE.— A counter-claim, if
   sham, may be stricken out upon motion.
3. ELEMENTS OF SHAM PLEAS.— The essential element of a sham plea
   is its falsity.
4. POWER TO STRIKE OUT NOT TO BE EXERCISED WHERE CONFLICT OF
   FACT INVOLVED.— The power to strike out must, however, be ex-
   ercised with caution. Under it the court cannot determine the
   truth or falsity of a plea upon conflicting evidence.

*Appeal from District Court of Arapahoe County.*

ACTION upon a promissory note bearing date April 20, 1885. The note, which is for $1,000 and interest, is set forth *in hœc verba* in the complaint. This pleading also contains the following allegation: "That afterwards, on the 3d day of August, 1886, at Denver, Colo., plaintiff requested defendant to pay said sum of $1,000 and interest; that defendant did not nor has not since paid said sum of money or any part thereof. Prayer for judgment for $1,000, together with interest from 20th of April, 1885, at eight per cent. per annum, and costs."

In his answer the appellant, after denying all allegations of the complaint, pleads payment, and for a further answer alleges: "That between the 20th day of April, A. D. 1885, and the date of filing said complaint, the defendant laid out and expended for the use and benefit of the said plaintiff, at her request, the sum of $1,500 in cash."

The pleading closes with the following prayer for relief: "Wherefore defendant prays judgment against the plaintiff for the sum of $500, together with interest thereon, from and after the date of the commencement of this suit; and the defendant prays that said promissory note be delivered up to the court for cancellation, and that he have his costs in this suit most unjustly expended."

After this answer was filed, plaintiff moved to strike the same from the files, and for judgment upon the pleadings, for the reason that "the said answer is a sham answer, as fully appears by the answer itself and by the affidavit hereto annexed and made a part of this motion." The defendant appeared, and resisted this motion, and filed a counter-affidavit. The affidavits submitted upon the hearing of plaintiff's motion were, in substance, as follows:

Affidavit of John F. Shaffroth: That he is one of plaintiff's attorneys; that on July 31, 1886, he sent notice

to defendant that his firm had for collection the note sued on, and requesting defendant to call and pay the same; that on or about August 3, 1886, defendant called; that defendant was shown said note, and requested to pay the same; that he admitted the note to be his, and that he owed the same, but could not pay the same then, but would do so if granted an extension of five or six months.

Affidavit of Camilla S. McManus: That she is plaintiff; that on April 20, 1885, at Pass Christian, Mississippi, defendant made the note sued on and delivered same to plaintiff for consideration of $1,000; that defendant, nor any one for him, has ever paid said note or any part thereof, or the interest thereon; that defendant, neither between the 20th day of April, 1885, and date of bringing this suit, nor at any other time, laid out or expended for use or benefit of affiant, or at her request, the sum of $1,500, or any other sum whatever; that said promissory note was, at the time of commencement of said action, due and unpaid, and still remains so.

Affidavit of defendant: That he is defendant; that he did promise to pay said note to Mr. Shaffroth; but affiant further says that he at that time claimed to have set-offs against said note more than sufficient to pay the same in full, and that if said note was sued on affiant would set up all such claims in defense; that whether or not such counter-claims constituted a good cause of action against plaintiff is a question of law and fact for the court and jury to pass upon; and that defendant makes such counter-claim, and insists upon the trial of the same, for the purpose of obtaining a judgment against said plaintiff; that at said interview affiant stated to Mr. Shaffroth that said note had been paid by affiant's wife.

At the hearing the court sustained said motion, and entered judgment for the plaintiff in accordance with the prayer of the complaint. The defendant, having duly excepted, brings the case here by appeal.

Mr. J. N. HUGHES, for appellant.

Mr. J. F. SHAFFROTH, for appellee.

MR. JUSTICE HAYT delivered the opinion of the court.

The answer filed in the cause was stricken out as a sham answer, and judgment thereupon entered for the plaintiff for the amount claimed in the complaint. Should such action of the court be sustained?

Whether the pleading was objectionable for other reasons than the one urged is not material. Appellee's motion was based solely upon the claim that the answer was a sham one. That part of the code relating to sham answers reads as follows: "Sham and irrelevant answers and defenses, and so much of any pleading as may be irrelevant, redundant, immaterial, or insufficient, may be stricken out upon motion, and upon such terms as the court, in its discretion, may impose." Sec. 61.

"Sham pleading," as defined by Chitty, is the pleading of a matter known by the party to be false, for the purpose of delay or other unworthy object. 1 Chit. Pl. 567. Bliss, in his work upon Code Pleadings, says that a "sham pleading" is one good in form and false in fact. Sec. 422. In Bouvier's Law Dictionary a "sham plea" is said to be one entered for the mere purpose of delay, concerning a matter which the pleader knows to be false. It will be seen, from these definitions, that the essential element of a sham plea is its falsity; and yet it is evident that not every false plea can be stricken out upon motion supported by affidavit, as this would be to substitute a trial to the court upon affidavits for a jury trial. An examination of decided cases shows that the courts have not adopted any uniform rule in reference to the nature of answers that may be stricken out upon motion as sham.

In *Brown v. Lewis*, 10 Ind. 232, it was decided that "if an answer is valid on its face, and no facts exist

peculiarly within the knowledge of the court showing it to be a sham defense, it should not be stricken out upon affidavit of its falsity." But in a subsequent case, it appearing that the defendant in response to interrogatories conceded his answer to the complaint to be false, it was held that it should be stricken out as sham. *Beeson v. McConnaha*, 12 Ind. 420. And this rule subsequently received the sanction of express statutory enactment. *Lowe v. Thompson*, 86 Ind. 503.

In California a plea of payment to a suit upon a promissory note was stricken out by the trial court upon affidavits showing the falsity of such plea, and the *mala fides* of the defendants in pleading it, and such action was sustained upon appeal. *Gostorfs v. Taafe*, 18 Cal. 386. In *People v. McCumber*, 18 N. Y. 315, a defense consisting of denials of knowledge or information sufficient to form a belief as to several matters, and a qualified denial in direct terms of another allegation of the complaint, was stricken out as sham, the court holding that a defense otherwise good may, if false, be stricken out as sham, although duly verified, and this may now be considered as the general practice in New York. See *Corbett v. Eno*, 13 Abb. Pr. 65. So, also, in Minnesota it has been repeatedly held that a sham answer, although verified, may be stricken out upon proof of its falsity. *Hayward v. Grant*, 13 Minn. 165 (Gil. 154); *Barker v. Foster*, 29 Minn. 166; *Lumber Co. v. Richardson*, 31 Minn. 267.

In *Torrence v. Strong*, 4 Or. 39, it was decided that an answer good in form, and containing facts sufficient to constitute a defense, cannot be gotten rid of by demurrer, but that it may be stricken out as false. *Tharin v. Seabrook*, 6 S. C. 113, is authority for saying that objection to sham defenses ordinarily presents a question of fact to be determined on affidavits. If an answer is manifestly false, it may be stricken out as sham, although this power should be sparingly used, and only in cases free from doubt. It is the policy of the code "to

suppress falsehood and secure truth in the pleadings," and, as one means of securing such result, authority for striking out sham answers and defenses is given. In counties where the dockets are overburdened with causes, the temptation to interpose sham answers, for the purpose of delay only, is great; and when it clearly appears that such answers are false in fact, according to the great weight of authority and reason, the court may, upon motion, strike them out. This power must, however, be exercised with extreme caution; otherwise a trial to the court upon affidavits might be substituted for a jury trial. It cannot rightfully be exercised for the purpose of determining the truth or falsity of a defense upon conflicting evidence. The inquiry ought not to be extended in such cases further than may be necessary for the court to determine that such a conflict in fact exists; but where, as in this case, the material averments of the complaint are directly supported by affidavits positive in form, we think the defendant has no right to complain of an order requiring him to support his unverified answer by an affidavit of merits, and, upon failure to comply therewith, to have his pleading stricken from the files. And it would make no difference if a portion of this answer be treated as a counterclaim, as the code provision is directed not only against sham and irrelevant defenses, but to answers as well, and the counter-claim must be considered as a part of the answer. Any other construction would permit defendants to evade the consequences of the act, and delay judgment, by interposing sham counter-claims instead of sham defenses.

It requires no argument to show that the affidavit of defendant in support of his answer in this case does not amount to an affidavit of merits. It does not deny the execution of the note. On the contrary, the due execution thereof is admitted under the pleadings, a copy of the note appearing in the complaint, and the answer

thereto not having been verified.  The affidavit does not state that the note has been paid.  It merely alleges that on a prior occasion Patrick claimed that his wife had paid it.  Neither does it contain an averment that plaintiff has a set-off of any kind or nature whatsoever, affiant contenting himself with the statement that he at one time claimed to have set-offs more than sufficient to pay the note in full, and that if sued he would set the same up in defense.  This so-called affidavit of merits is clearly insufficient; it fails to state any fact showing, or tending to show, the truth of the answer:  It does not even state that the answer is interposed in good faith, or that his attorney, after being informed of the facts, has advised him that he has a meritorious defense to the action. The affidavit is so entirely lacking in the essential requisites of such a paper that the court below, in deference to well-established rules, was bound to disregard it in the determination of plaintiff's motion.  *Wedderspoon v. Rogers*, 32 Cal. 569; *Kaufman v. Mining Co.* 105 Pa. St. 541; *McCracken v. Congregation*, 111 Pa. St. 106; *King v. Stewart*, 48 Iowa, 334.

The judgment of the court below is accordingly affirmed.

*Affirmed.*