(79 N. W. Rep. 878.)

---

MARTIN P. GJERSTADENGEN *vs.* W. J. HARTZELL.

Opinion filed June 2, 1899.

**Pleading—Sham Answer.**

The statutory right to deny allegations in a pleading by denying knowledge or information thereof sufficient to form a belief is not an absolute right. Accordingly *held*, upon the facts stated in the opinion, that the denial, in such form, contained in the answer, was properly stricken out as sham.

**Absolute Denial Cannot be Stricken Out as Sham.**

An absolute denial in an answer of a material allegation in the complaint cannot be stricken out as sham on motion based upon affidavits tending to establish the truth of the matter denied.

**Demurrer When Proper.**

The proper method of testing the legal sufficiency of affirmative defenses contained in an answer is by demurrer, and not by motion to strike out. *Held*, that a motion to strike out certain affirmative defenses contained in the answer, upon the ground that they "do not state sufficient facts to constitute a defense or counterclaim," should have been denied.

Appeal from District Court, Ransom County; *Lauder,* J.

Action by Martin Peterson Gjerstadengen, Peter Peterson Sandvig, and Charles O. Peterson against William J. Hartzell for the partition of a quarter section of land in Ransom county, or for a sale of the property and division of the proceeds. The plaintiff moved to strike out certain portions of the defendant's answer as sham. Motion granted, and defendant appealed from the order striking out portions of his answer.

*J. E. Bishop* (*Pierce & Austin,* of counsel), for appellant.

The action of Gjerstadengen against Van Duzen & Co. was pending until its final determination on appeal on the second day of June, 1898. Sec. 5739, Rev. Codes; *Alrich* v. *Case,* 73 N. W.

Rep. 161; *Martin* v. *Gilmore,* 72 Ill. 200; *Hills* v. *Sherwood,* 33 Cal. 478; *Brown* v. *Evans,* 18 Fed. Rep. 59. No lis pendens was filed. Defendant had no constructive notice of the pendency of the action against Van Duzen & Co. § 5251, Rev. Codes; *Heard* v. *Fordyce,* 17 Cal. 152; *Mills* v. *Bliss,* 55 N. Y. 141; *Richardson* v. *White,* 18 Cal. 103; *Jewell* v. *Land Co.,* 64 Minn. 540; *Conkey* v. *Dyke,* 17 Minn. 457. Defendant had no actual notice of the pendency of the action or of the decree, and is not bound thereby. The decree in the Van Duzen & Co. case was not recorded in the register of deeds office prior to the conveyance to defendant, as it should have been to convey constructive notice. § § 3563, 3594-3595, Rev. Codes; Story's Eq. Jur., § 404; *Farmers' L. & T. Co.* v. *Maltby,* 8 Paige, 361; *Mesick* v. *Sunderland,* 6 Cal. 316; *Rower* v. *Bingham,* 17 Ind. 542. The amount paid by defendant as taxes against the common property, as well as for improvements should be considered in the partition, and the averments in the answer covering them should not have been stricken out. Ch. 1, § 93, Laws 1897; 11 Am. & Eng. Enc. L. 1109; *Oliver* v. *Montgomery,* 39 Ia. 601; *Kite* v. *Church,* 142 Mass. 586; *Dean* v. *O'Mera,* 47 Ill. 120; *Kurtz* v. *Hibner,* 55 Ill. 514; *Robinson* v. *McDonald,* 11 Tex. 390; *Sarbach* v. *Newell,* 30 Kan. 102; *Allen* v. *Hall,* 50 Me. 265; *Titsworth* v. *Stout,* 49 Ill. 78; *Alleman* v. *Hawley,* 117 Ind. 532; Note "c" to *Ward* v. *Ward,* 29 L. R. A. 482; *Oliver* v. *Montgomery,* 42 Ia. 36; *Green* v. *Putnam,* 1 Barb. 507. Paragraph nine of the answer alleging ownership and possession in defendant was improperly stricken out. § 5802, Rev. Codes; *Bonham* v. *Weymouth,* 39 Minn. 92; *Bollo* v. *Navarro,* 33 Cal. 467; Freeman on Cotenancy (2d Ed.) § 502-503; 17 Am. & Eng. Enc. L. 712.

*Morrill & Engerud,* for respondents.

Lis pendens terminates upon the entry of judgment. *Scudder* v. *Sargent,* 17 N. W. Rep. 369; *Parker* v. *Courtney,* 44 N. W. Rep. 863; *Monell* v. *Lawrence,* 12 Johns. 334; *Grattan* v. *Wiggins,* 23 Cal. 16, 38; *Sheridan* v. *Andrews,* 49 N. Y. 478; Black on Judgments, § 552. In consequence of this rule a purchaser was held not to be affected by a reversal on appeal. To correct this injustice the legislature adopted the rule of Sec. 5739, Rev. Codes. This statute, however does not suspend the operation of the judgment for all purposes pending appeal. § § 5610-5616, and § 5412, Rev. Codes. The doctrine of lis pendens is based on necessity. *Bellamy* v. *Sabine,* 1 De Gex & Jones, 566; *Houston* v. *Timmerman,* 4 L. R. A. 716. Under the old system 'the effect of lis pendens terminated with the entry of the decree. Purchasers after entry of decree were not lis pendens purchasers but were bound by the decree by the doctrine of estoppel. *Page* v. *Waring,* 76 N. Y. 463; *Sheridan* v. *Andrews,* 49 N. Y. 478. The grantee of the person against whom the decree affecting property was rendered is a privy in estate with his grantor. *Stranger* v. *Johnson,* 110 Pa. 21; *Tell* v. *Bennett,* 110 Pa. 181; *Goddard* v. *Benson,* 15 Abb. Pr. 191;

Herman on Estoppel, § 139-143-144, and a privy in estate cannot acquire by his purchase greater rights than his grantor had to sell. Herman on Estoppel, § 143-144; *Cushing* v. *Edwards,* 25 N. W. Rep. 940; *Morrill* v. *Morrill,* 11 L. R. A. 155 and n.; *Howard* v. *Huron,* 5 S. D. 539; *Eakin* v. *McCraith,* 3 Pac. Rep. 838. The statute modifies the old rule so that a purchaser pendente lite is not bound by the decree subsequently rendered in the action unless he has notice actual or constructive of the pendency of the action. *Sheridan* v. *Andrews,* 49 N. Y. 478. A judgment is not a conveyance within the meaning of the recording act. § 3594 and 3595, Rev. Codes; *Hoag* v. *Howard,* 55 Cal. 564. Those parts of defendant's answer in which he sets forth by way of counterclaim matters which had been or could have been litigated in the Van Duzen case, were properly stricken out. The Van Duzen judgment estops not only as to the issues actually determined thereby, but also as to all matters which could have been litigated in the action in which it was rendered. *Enderlin Bank* v. *Jennings,* 4 N. D. 228; *Howard* v. *Huron,* 5 S. D. 539; *Eakin* v. *McCraith,* 3 Pac. Rep. 838; *Morrill* v. *Morrill,* 11 L. R. A. 155 and n.; 1 Herman on Estoppel, 51-74-127. The answer shows on its face that the improvements were not made at the request or with the assent of the other cotenants, therefore the co-tenants excluded from possession cannot be compelled to contribute to the improvements. *Ward* v. *Ward,* 29 L. R. A. 449, n. a.; *Gage* v. *Gage,* 28 L. R. A. 829 and n.; *Cosgriff* v. *Foss,* 36 L. R. A. 753.

YOUNG, J. This action has for its purpose the partitioning of a certain tract of real estate situated in Ransom county, the title to which was directly involved in a former adjudication of the District Court of that county in a case entitled *Gjerstadengen* v. *Van Duzen;* the judgment of that court having been affirmed by this Court upon appeal, and reported in 7 N. D. 612, 76 N. W. Rep. 233. Five of the plaintiffs in the former action appear to have since conveyed their interests in the land in question, by deeds, to one of the plaintiffs in the present action. The plaintiffs in this action claim to own 26-27 of the land, and that the defendant owns only the remaining 1-27. The defendant, Hartzell, is the grantee of G. W. Van Duzen & Co., the defendant in the former action; having obtained title through a warranty deed executed and delivered subsequent to the rendition and entry of the judgment of the District Court against his grantor, but before the affirmance of that judgment by this Court. This defendant makes claim in his answer of title to the entire tract, alleging that he had no notice of the pendency of the former action, or of the rendition or entry of judgment, at the time of his purchase, wherein the interest of his immediate grantor was determined to be but 1-27. The questions now presented for our review are altogether preliminary to the real issues, and do not require a more extended statement of facts. This appeal is from an order striking out portions of defendant's answer. Plaintiffs' motion to strike was leveled at different parts

of the answer, and upon different grounds. The Court granted the motion in its entirety, and made an order striking out all of the parts assailed by it.

We will first consider certain portions which were stricken out as sham. Plaintiffs, after alleging ownership in fee simple of the land in themselves, further alleged that on the 23d day of August, 1897, a judgment was rendered and entered in the District Court of Ransom county in the action wherein the defendant's grantor was defendant, decreeing, among other things, that the plaintiffs in said action were the true and lawful owners of 26-27 of said land. The part of defendant's answer to this allegation which the motion characterizes as sham, and which the trial court found to be so,—with which conclusion we fully agree,—is in this language: "Defendant has not sufficient knowledge or information to form a belief as to the truth or falsity of the allegation in plaintiffs' complaint that on the 23d day of August, 1897, the certain judgment therein described was rendered, and therefore denies such judgment was rendered or entered as alleged, or at all, and leaves these plaintiffs to make such proof of said allegation as they may be advised." A sham answer or defense is one which is good in form, but false in fact (Bliss, Code Pl. § 422), and may be stricken out upon motion (Rev. Codes, § 5276). It is true, section 5273, Rev. Codes, permits a defendant to answer in the form in which this answer is couched; but, in alleging absence of knowledge or information sufficient to form a belief, the defendant is held to as strict an adherence to the truth as though the denial were explicit. This principle is expressed in Bliss on Code Pleading (section 326) as follows: "The obligation to verify the pleading implies an obligation to state the truth. Hence the permission to deny any knowledge or information, etc., is not absolute. If the fact charged is evidently within the defendant's knowledge,—as an act done by himself, and within the period of recollection, or where he has the means of information,—a denial of information in the language of the statute would be clearly false or evasive, and such answer should be disregarded." Here the complaint pointed out the time when and the place where the judgment was entered in the public records. This Court, in *Van Dyke* v. *Doherty*, 6 N. D. 263, 69 N. W. Rep. 200, entirely disregarded an answer which, like that now under consideration, denied certain facts which were evidenced by the public records, using this language: "The public records of the county furnished the evidence that would demonstrate to a certainty whether plaintiff had or had not paid the taxes. With this means of positive information before him, a party is not permitted to say that he has no knowledge or information sufficient to form a belief. While the statute authorizes a denial in that form, yet it requires good faith and honesty of purpose; and it cannot be tolerated that a party may shut his eyes to information thrust before them, in order to be technically able to say that he has no such information. . * * * Such a denial must

be disregarded." See, also, *Wheaton* v. *Briggs,* 35 Minn. 470, 29 N. W. Rep. 170; *Mulcahy* v. *Buckley,* 100 Cal. 484, 35 Pac. Rep. 144; 1 Enc. Pl. & Prac. 813, and citations. We may also add that the record before the Court disclosed that the attorneys who now interpose this answer, denying the rendition and entry of the judgment in the former case upon information and belief, were the attorneys for the defendant in that litigation. A defendant is not permitted to resort to such a denial, when all he has to do to learn the true facts is to ask his attorney. *Hance* v. *Rumming,* 2 E. D. Smith, 48; *Mott* v. *Burnett,* Id. 50; *Wesson* v. *Judd,* 1 Abb. Prac. 254. The falsity of this portion of the answer was apparent from a bare inspection of the pleadings, and without the aid of extrinsic proof. It was clearly a sham defense, and was properly stricken out.

The striking out of the paragraph which we will next consider raises an entirely different question. The part stricken out contained a denial of the execution and delivery of certain deeds, and the transfer of the title thereby, made by five of the former owners of separate interests in the real estate to one of the plaintiffs, which facts are alleged in the complaint as showing the source and extent of plaintiff's title. Plaintiffs treat the form of the denial as good, but, as in the other instance, attack it as false and sham, and, for the purpose of showing the falsity of the denial, produced with their motion papers the affidavit of Charles O. Peterson, one of the plaintiffs herein, who is the person to whom the several deeds were given, setting out that he purchased the property as alleged in the complaint, and exhibiting with it the original deeds by which the title was conveyed. No counter affidavits were filed. If the question before us simply related to the truth or falsity of this portion of the answer, it is readily seen that our conclusion would be in accord with that of the trial court,—that the answer was false, and was properly stricken out as sham. But the real question is one of procedure, and involves at the threshold the right of a court to entertain and consider affidavits offered to show that a general denial which merely places the material allegations of the complaint in issue is false, and thereby lay the foundation for striking it out as sham. There is considerable diversity of opinion in the cases upon this point. But as early as 1886 it was settled in this jurisdiction by the territorial Supreme Court, in the case of *Woodenware Co.* v. *Jaensen,* 4 Dak. 149, 27 N. W. Rep. 206, and 28 N. W. Rep. 193, that a verified answer, consisting of a general denial, could not be stricken out as sham upon affidavit showing it to be false, since which time the practice so established has been recognized by the courts of this jurisdiction, and generally acquiesced in by the legal profession. The courts of New York have adhered to the same rule of practice. *Wayland* v. *Tysen,* 45 N. Y. 281; *Thompson* v. *Railway Co.,* Id. 468; *Bank* v. *Smith,* 15 How. Prac. 329; *Claflin* v. *Jaroslauski,* 64 Barb. 463. See, also, *Brown* v. *Lewis,* 10 Ind. 232. In *Wayland* v. *Tysen,* supra, the Court said: "The Code, it is true, allows the defendant to deny any

knowledge or information sufficient to form a belief, and thus put the fact in issue. If he verifies this, what right has the plaintiff to strike out his answer by producing affidavits showing the truth of such facts, of which defendant was ignorant at the time of filing his answer. Such affidavits fail entirely to show that the answer was put in in bad faith, or that it was false, and yet this is the very class of cases where the Court will be most frequently called upon to strike out the answer. If the defendant commits perjury in verifying the answer, as he must have done in this case, if he knew the allegations of the complaint were true, he ought to be prosecuted therefor. If plaintiffs who complain of injury from delay by the fraudulent interposition of false answers would perform the duty incumbent upon every good citizen,—to prosecute those known to be guilty of perjury,—they would effectually stop such an abuse." The paragraph now under consideration was good in form, and it created an issue upon a material allegation of the complaint. Neither the pleadings, nor public record, nor the doctrine of presumptive knowledge marked it as false. The issues of fact thus created by such a sworn denial should stand until determined in the regular way, and must not be prejudged upon affidavits. This portion should not have been stricken out.

The remaining portion to which reference is now made consist wholly of affirmative defenses set up entirely independent of the denials. The view which we are compelled to take of this part of the motion renders a statement of their substance unnecessary. It is sufficient to say that they were interposed as affirmative defenses, and that the plaintiffs had them stricken out upon the ground that they "do not state sufficient facts to constitute a defense or counterclaim," which is the exact language of the motion. It is very evident that the plaintiffs have mistaken the remedy for testing the legal sufficiency of such defenses. The Code of Civil Procedure fixes the scope of motions attacking pleadings. Under section 5284, a party who is aggrieved may have irrelevant or redundant matter stricken out, and require a pleading, when it is necessary, to be made more definite and certain. Section 5276 provides that sham and irrelevant answers may be stricken out, and section 5414 authorizes a party who is prejudiced by a frivolous demurrer, answer, or reply to move for judgment. But a specific method is also provided for testing the legal sufficiency of defenses, and that is the demurrer authorized by section 5277, which provides that "the plaintiff may in all cases demur to an answer containing new matter, when upon its face it does not constitute a defense, and the plaintiff may demur to one or more of such defenses and counterclaims and reply to the residue of the counterclaims." The plaintiffs have seen fit to make their attack by motion, but in so doing urge in support thereof none of the grounds properly belonging to the province of motions. The legal insufficiency of the defenses attacked is the sole question urged in the brief, and evidently was the only question presented to the lower court. That question not hav-

ing been properly before the court, we may not express an opinion here as to the defenses which are sought to be assailed by this motion, for a reasonable adherence to long established rules of practice requires us to hold that this question was not properly before the trial court. To permit the use of a motion for the purposes sought to be accomplished in this case is to extend to it the functions of a demurrer. This we cannot sanction. No other grounds than that mentioned were urged as reasons for striking out these affirmative defenses. This portion of the motion should therefore have been overruled. That portion of the order striking out the paragraph denying the entry of judgment we do not disturb. The other portions are reversed. The order so modified shall stand. Appellant will have his costs upon this appeal. All concur.