### SUPREME COURT.

THE MANUFACTURERS' BANK OF ROCHESTER agt. CHESTER
HITCHCOCK and others.

A *verified* answer setting up new matter as a defence, may be stricken out as sham.

*Monroe Special Term, Aug.,* 1857.

MOTION to strike out the answer of the defendant Chester
Hitchcock, as sham, &c.

MR. RAYMOND, *for plaintiff.*
MR. HIBBARD, *for defendants.*

T. R. STRONG, Justice.    The provision of § 152 of the Code,
for striking out sham answers, confers no new power, but is
simply declaratory of a power which the court before possessed.
It is a power to prevent the perversion and abuse of the forms
of presenting defences, designed to promote and secure justice,
to the mere purpose of embarrassment, expense and delay, and
consequent injustice.    This power is essential to the character
of the court as a tribunal of justice, the protection of its suitors
from wrong, and an efficient, speedy and just administration of
the laws ; and is inherent in the court without any special legis-
lation.

Great care should be used by the court in the exercise of this
power, and no answer should be stricken out as sham, unless it
appears beyond question that the matters of it are destitute of
truth, except perhaps when they are so grossly frivolous as to
make it palpably apparent that the answer was put in in bad
faith, and is a fraud upon the law.

Under the system of pleading and practice introduced by the
Code, which professes at least to regard the truth more than
the previous system did, answers merely denying the complaint,
as well as those setting up new matter, should be held to be

within the scope of this power. And no distinction should exist, in regard to this power, between verified answers and those not verified. Whatever the answer, and whether sworn to or not, if the papers for the motion to strike it out as sham establish a strong *prima facie* case of falsity and fraud, the defendant should be required to show by affidavit, or other proof, the particular facts on which he relies in support of his answer, so far as to satisfy the court that his answer is not mere pretence, having no real foundation. This is nothing like a trial of the action by affidavits; it is only looking into the case far enough to see whether there is any cause for denying the complaint, when the answer is a denial, and in other cases, whether the answer is wholly, in its material parts, fictitious and unreal; in other words, whether there is, in truth, anything real and substantial in the affirmative defence to be tried.

The temptation to interpose sham answers, arising from the cost of litigation being very light, the delay of judgment which may be produced, and the supposed importance or desirableness of retaining money which is the subject of the action, is very great, and justice clearly requires that the court should go the length above indicated in applying a corrective to the evil of such answers.

In the present case the complaint is on notes, and the answer is that they were discounted under a usurious agreement, stating it particularly. The affidavits on the part of the plaintiffs, and the letters annexed, show that the notes were discounted in pursuance of requests by letters, which letters do not, in the remotest degree, tend to prove any such agreement as is alleged in the answers. And the affidavits in opposition to the motion present no special facts to sustain the answer, except that the president of the bank, which is located at Rochester, some five or six months prior to the discount of any of the notes, called at the office of some of the defendants in Buffalo, and it was there arranged, the president acting for the plaintiffs, in substance, that the plaintiffs would discount for the defendants such paper as that in question. Assuming this statement to be true, and viewing it in the most favorable light for the defendants,

regarding the president as authorized by the plaintiffs to make such an arrangement, there is nothing in it worthy of the slightest consideration as tending to support any material fact in the answer. It does not shadow forth in the faintest manner, the imposition of a condition that the notes should be payable in New-York, or that the notes were not made payable there for the benefit of the defendants; and it goes to disprove, rather than prove, by being silent on the subject, that there was an agreement that the defendants should, on the discounts, pay fifty cents each hundred dollars more than legal interest.

The conclusion is irresistible, to my mind, that the answer in this case is a sham answer, and I must therefore grant the motion to strike it out as such, with $10 costs.