WILLIAM BARKER *vs.* DANIEL FOSTER.

May 30, 1882.

**Striking out Sham Answer—Verification.**—An answer or defence of new matter affirmatively pleaded may be stricken out, upon satisfactory evidence clearly showing it to be sham, whether verified or not.

**Same—Time for making Motion.**—The district court may, in its discretion, entertain such motion at any time before trial.

**Same—Denials.**—Whether denials may be so stricken out is not considered.

Ejectment. Appeal by defendant from an order of the district court for Scott county, *Macdonald,* J., presiding, striking out portions of the answer as sham and false.

In the portions of the answer stricken out, the defendant denies plaintiff's ownership, sets up title in one Robert P. Calvert by adverse possession for more than twenty years, and an unexpired lease from Calvert to defendant. On the motion to strike out, plaintiff presented deeds showing title in himself, and numerous affidavits, including that of Calvert himself, showing that Calvert never owned or claimed to own the property in question, but that he was in charge of the same as the agent of plaintiff, and that this was generally known and understood in the vicinity. Defendant offered no evidence or affidavits in opposition to the motion.

*L. M. Brown* and *L. H. Hawkins,* for appellant, cited *Dunning* v. *Pond,* 5 Minn. 238, (302;) *Cummings* v. *Taylor,* 21 Minn. 366; *Wayland* v. *Tysen,* 45 N. Y. 281; *Thompson* v. *Erie Ry. Co.,* Id. 468; *Fettretch* v. *McKay,* 47 N. Y. 426.

*Southworth & Marrinan,* for respondent.

VANDERBURGH, J. The complaint is for the possession of real property. The answer consists (1) of a general denial, except of possession; (2) plea of statute of limitations; (3) claim of possession under a lease made to defendant by one Calvert. The answer was served in September, 1881. The plaintiff omitted to reply, but in December following moved upon affidavits, among which was the affidavit of Calvert, to strike out the answer as sham. The pleadings are ver-

ified. The court granted the motion as to the affirmative defences, and allowed the denial to stand.

1. The defendant insists that the motion should not have been granted, on the ground that the issues raised by an answer regular and fair on its face could be disposed of only by a regular trial. Under what circumstances and limitations this power to summarily strike out answers in this way may be exercised, has been the subject of much discussion; but it may be regarded as reasonably well settled that an answer or defence consisting of new matter affirmatively pleaded may be stricken out, upon satisfactory evidence clearly establishing its falsity, whether verified or not.

A sham answer presents no real issue, and is presumed to be interposed for delay or other unworthy purpose. It should not, therefore, be permitted to remain upon the record. At common law a special plea of a matter known to be false was considered as an abuse of justice. 1 Chitty, Pl. 542. A reasonable exercise of this power to correct and prevent abuses in pleading and practice may be considered inherent in the court, and indispensable to the proper administration of justice. *People* v. *McCumber*, 18 N. Y. 315; *Crerar* v. *Mil. & St. Paul Ry. Co.*, 35 Wis. 67. In *Broome County Bank* v. *Lewis*, 18 Wend. 565, the court, in granting a motion to strike out sham pleas, declare that "it would be a reproach upon the administration of justice if delays could be procured by what may properly be denominated frauds upon the right of pleading."

2. The statute which regulates the practice in this state, we think, does away with certain distinctions observed in the former practice, and provides in general terms for striking out sham answers; and inasmuch as the answer must be verified if the complaint is, and in practice the great majority are verified, we think no distinction is intended or ought to be made between verified and unverified answers, if really shown to be sham; *Conway* v. *Wharton*, 13 Minn. 158; so that the fact of formal verification does not affect the question, save, perhaps, as to the measure of proof which the court should require. The statute would have but limited practical application if confined to unverified answers. Whether it should be held also to extend to answers consisting of denials, general or special, we do not now con-

sider. The power is, however, to be exercised cautiously. The court is to discriminate carefully between its right to determine whether there is a real issue to be tried, and the trial itself of an issue upon a motion. And if, upon such motion, the evidence is conflicting, or not convincing, and there is any substantial doubt upon the subject, the court should not interfere. In this case the plaintiff's affidavits and evidence are uncontroverted, and appear to us to warrant the action of the trial court in granting the motion.

3. The defendant also contends that the motion was made too late. We think it the better practice that such motions be promptly made. But rule 12 of the district court rules does not apply to such motions. Defendant is not prejudiced by the delay. He has, it is true, acquired an apparent advantage upon the record by plaintiff's omission to reply; but such an objection is rather technical than real. And where the answer is really sham, and especially where the defendant makes no attempt to support the truth or good faith of his pleading, the court may, in the exercise of its discretion upon the case as presented, eliminate it from the record at any time before trial. *Vose* v. *Miln*, 4 Sandf. 660; *Broome County Bank* v. *Lewis, supra; Beebe* v. *Marvin*, 17 Abb. Pr. 194; *Stokes* v. *Hagar*, 1 Code Reporter (N. Y.) 84.

Order affirmed.