JOHN K. WRIGHT vs. EMILY R. JEWELL.

July 3, 1885.

**Pleading—Striking Out Answer as Sham.**—When the allegations of an answer or defence are fairly supported by the affidavits of the defendant and other persons, against like affidavits on behalf of plaintiff, such answer or defence should not, unless in very extraordinary circumstances, be stricken out as sham. Order striking out in this case reversed.

|  |  |
|---|---|
| 33 | 503 |
| 55 | 494 |
| 33 | 505 |
| f84 | 224 |

Plaintiff brought this action in the district court for Clay county, upon a promissory note for a first cause of action, and to recover the agreed price of services rendered in superintending defendant's farms as a second cause of action. The second paragraph of defendant's amended answer, referred to in the opinion, admitted that plaintiff was employed by defendant, alleged that plaintiff was idle half of the time and neglected his duties, and that his services were of no value whatever to the defendant. The counterclaim set up in the answer is for damages occasioned by plaintiff's negligence in failing to properly care for defendant's farms and crops. On plaintiff's motion the amended answer was stricken out as sham, by order of *Stearns*, J., and defendant appeals from the order.

*J. W. Mason* and *Williams & Chapman*, for appellant, cited *People* v. *McCumber*, 18 N. Y. 315; *Wayland* v. *Tysen*, 45 N. Y. 281; *Thompson* v. *Erie Ry. Co.*, 45 N. Y. 468; *Farmers' Nat. Bank* v. *Leland*, 50 N. Y. 673.

*Coleman & Bornstedt*, for respondent, cited *Morton* v. *Jackson*, 2 Minn. 180, (219;) *Conway* v. *Wharton*, 13 Minn. 145, (158;) *Hayward* v. *Grant*, Id. 154, (165;) *C. N. Nelson Lumber Co.* v. *Richardson*, 31 Minn. 267; *Schmitt* v. *Cassilius*, Id. 7.

BERRY, J. The second paragraph of defendant's amended answer sets up a defence, partial at least, to the second cause of action alleged in the complaint. The third paragraph of the amended answer sets up a counterclaim. Upon the hearing of the motion to strike out the entire answer as sham, affidavits of third persons, in addition to his own, were read by plaintiff, fairly tending to show that both of the

paragraphs mentioned were false; and counter-affidavits of third persons, in addition to her own, were read by defendant, fairly tending to show that both paragraphs were true. The court below struck out the answer, and in our opinion this was wrong. While the power to strike out an answer or defence as sham, *i. e.*, false, is given by statute, and has been repeatedly recognized by this court, it is only when the falsity is clear and indisputable, when the answer or defence is evidently a mere pretence, set up in bad faith and without color of fact, that the power should be exercised. *Morton* v. *Jackson*, 2 Minn. 180, (219;) *Barker* v. *Foster*, 29 Minn. 166; *C. N. Nelson Lumber Co.* v. *Richardson*, 31 Minn. 267; *Kiefer* v. *Thomass*, 6 Abb. Pr. (N. S.) 42.

When the allegations of the answer or defence are fairly supported, as in this case, by the affidavits of the defendant and other persons, as against like affidavits on behalf of plaintiff, it cannot ordinarily be said that the falsity of the answer is clear and indisputable. For a court to assume to say this, unless in very extraordinary circumstances, such as do not exist here, would, in effect, be to try the controversy between the parties upon affidavits, and to deprive the defendant of his right to a regular trial by jury or otherwise, with all its manifest advantages. Obviously this will not do. *Barker* v. *Foster, supra;* Bliss, Code Pl. § 422. But, as this seems to us to appear by the record to have been what the trial court did do in the present action, the order striking out the answer, and for judgment for plaintiff, is reversed, and the case remanded for further proceedings.