## CITY BANK *vs.* JACOB DOLL.

### July 3, 1885.

**Pleading—Striking out Answer as Sham.**—An answer alleging a material fact constituting a defence, and verified by the defendant, should not be stricken out as sham upon affidavit of the plaintiff simply denying the fact alleged, the falsity of the answer not being clearly and indisputably shown.

Appeal by defendant from an order of the district court for Hennepin county, *Young,* J., presiding, striking out the answer as sham.

*L. L. Baxter, F. H. Peterson,* and *C. H. Tuesley,* for appellant.

*Babcock & Davis,* for respondent.

DICKINSON, J.   The action is upon a promissory note made by the defendant, payable to the order of Kemper Bros. & Drahmann, at their office in Perham, Minnesota, and indorsed to the plaintiff.   An answer was interposed, alleging payment of the note to Kemper Bros. & Drahmann at their office in Perham, and that they were the agents of the plaintiff, authorized to collect and receive payment of the note. This answer was verified by the defendant.   Upon affidavits of the president and the cashier of the plaintiff, alleging that Kemper Bros. & Drahmann were not, and had never been, the agents of the plaintiff for such collection, the court, upon motion, struck out the answer as sham.

The order cannot be sustained.   It was not clearly and indisputably shown that the allegation of agency was false, and that the answer was sham.   The defendant should not, therefore, have been denied a trial upon the issue tendered.   *Wright* v. *Jewell, ante,* p. 505, and cases cited.   The two officers of the bank simply deny, by affidavit, the alleged fact of agency, which is, on the other hand, supported by the affidavit of the defendant, in his verification of the answer, in the usual form.   The answer was no more clearly shown to be false than it would have been by a reply denying the alleged agency, and verified by the officers named.   No facts are shown making it apparent that the answer was untrue, or that the issue of payment

was not tendered in good faith. The failure of the defendant to sustain the averment of his answer by additional affidavits, upon the hearing of the motion, had no other effect than to leave the motion to be determined upon the affidavit by which the answer was verified, and the affidavits of the president and cashier of the bank. These showed a real issue of fact which must be determined by trial.

The order is reversed, and the cause remanded for further proceedings in the district court.