NICHOLAS VAN LOON *vs.* ELI W. GRIFFIN and others.

January 30, 1886.

**Pleading — Striking out Sham Answer — Affidavits.**—The affidavits of plaintiff used on the motion to strike out the answer herein as sham, *held* to make a clear *prima facie* case, requiring affidavits or other proof in defendant's behalf in support of the answer, and that, in the absence thereof, the motion should be granted, and such answer stricken out.

Appeal by plaintiff from an order of the district court for Stearns county, *Collins,* J., presiding, denying plaintiff's motion to strike out the answer as sham.

*Tolman & Baldwin,* for appellant.

*James R. Bennett, Jr.,* for respondents.

VANDERBURGH, J. The complaint is a general count in *assumpsit* for goods sold and delivered to defendants on the 15th day of June, 1884. The answer sets up a special contract between the parties, of the same date alleged in the complaint, under which, as it is alleged, plaintiff undertook to erect lightning-rods on defendants' buildings in Sherburne county, specially alleging the price agreed on; that defendants should have a year in which to accept or reject the rods; and that they had never accepted them, and plaintiff had never demanded payment. It also alleges certain warranties and representations made by plaintiff as to the quality of the rods and character of the workmanship, followed by averments of a breach of the contract, and that the rods were inferior and old-fashioned, and wholly worthless for any purpose, and that the "workmanship of plaintiff in placing the rods was most unskilful, and the work improperly and imperfectly executed." The answer also denies generally each allegation of the complaint except as admitted or qualified in the answer. The effect of this denial is to limit the matter in controversy to the contract and new matter set up in the answer. The plaintiff's affidavits, read on the motion to strike out the answer as sham, purport to state the facts clearly and specifically in respect to the cause of action and the matters in controversy between the parties. One

of these affidavits was made by the plaintiff; another, by his agent by whom the rods were erected; and a third, by one of plaintiff's attorneys. The defendants introduced no counter-affidavits in support of the answer. It must therefore be taken as true, for the purposes of the motion, that the plaintiff's claim is for lightning-rods placed by plaintiff on defendants' buildings in Kandiyohi county and not in Sherburne county; that the work was done and materials furnished under and in pursuance of a written contract or order signed by defendants, containing specifications of the kind of rod to be used, and the manner in which the work was to be done, and also the price per foot of the rod so ordered, and the price of the vanes, points, and balls required to be used, and containing an agreement to pay the same on the completion of the work; that after the rods were put up, the defendant who verified the answer in this case assisted in making up the account of the amount of materials used,—which, less five dollars paid thereon, is the sum claimed herein,—approved the job, and expressed himself satisfied with the work and the prices; that he subsequently said he was "perfectly satisfied with said rods," and promised to pay the balance due at once; and that a similar promise was subsequently made to plaintiff's attorney, accompanied with an admission that the account was right; that the defendants got the kind of rods described in the contract, and that no objection was ever made by them (though fully advised) to the account or the character of the materials or work before this action was brought. These and other facts stated in the affidavits must be held to be admitted upon the record. The affidavits also show that the materials and work were in conformity with the specifications annexed to the order, and that the rods were in fact of the most improved kind, and the materials of the best quality.

These affidavits certainly called for some explanation in rebuttal by defendants. In the absence of it, we do not see how the answer can properly be permitted to stand. *Manufacturers' Bank* v. *Hitchcock,* 14 How. Pr. 406; *McCarty* v. *O'Donnell,* 7 Robt. 431; *Corbett* v. *Eno,* 22 How. Pr. 8; 2 Wait, Pr. 490, 491. The case differs materially from *City Bank* v. *Doll,* 33 Minn. 507, where the moving affidavits in substance simply denied certain matters alleged in the an-

swer.   It is certainly imposing no great hardship upon a defendant to require him to explain or dispute the plaintiff's *prima facie* case, by rebutting affidavits or proof; and, if he omits to do so, he cannot complain that it be taken to be true, and, if clear and strong, that the court should act upon it, and grant the motion.   *Barker* v. *Foster*, 29 Minn. 166; *Smith* v. *Betcher, ante*, p. 218.   There might be some color for the claim that the issue as to the materials and workmanship ought, in any event, to be left to the jury; but we think that the admissions as to the nature of the contract, its execution on the part of the plaintiff, and the acceptance of the work, under the circumstances, would seem to leave no basis for such claim.

Order reversed, and cause remanded for further proceedings in conformity with this opinion.