*In the matter of the Petition of* GEORGE W. BARTHOLOMEW *for a Writ of Habeas Corpus.*

ANSWER — *Striking from Files* — *Deposition of Defendant.* Where a defendant has filed an answer, good in form, to which a reply has also been filed, he cannot be compelled at the instance of the plaintiff to give an affidavit or deposition before a notary public, to be used on the hearing of a motion to strike from the files the answer, upon the ground that it is false, and therefore a sham.

*Original Proceeding in Habeas Corpus.*

PETITION filed in this court on January 5, 1889; the opinion, filed at the session of the court in April, states the case.

18—41 KAS.

*Howe & Mastin,* for petitioner.

*O. H. & J. C. Bentley,* for respondent.

The opinion of the court was delivered by

HORTON, C. J.: Lucy C. F. Gay brought her action against George W. Bartholomew, to recover upon a promissory note and foreclose a mortgage given to secure the same. The petition set forth that the note had become due and the mortgage subject to foreclosure by reason of the failure of the defendant to pay the semi-annual installment of interest when, by the terms of the note, the same became due. The defendant answered, pleading payment of interest, and therefore that nothing was due; to which answer, plaintiff replied by a general denial. Neither the petition nor the answer was verified. The case thereupon stood for trial upon the issue made by the pleadings, whether the interest had, in fact, been paid. The plaintiff filed her motion to strike the answer from the files as untrue in fact, and therefore a sham. It was sought to support this motion by the deposition or affidavit of the petitioner. He refused to testify before the notary public when his deposition was attempted to be taken; and for this refusal was committed to the custody of the sheriff, W. W. Hays, as keeper of the common jail, for contempt. He alleges that he is unlawfully restrained of his liberty, and this proceeding has been brought by him to obtain his discharge.

The principal question is, whether the defendant can be required to furnish an affidavit or his deposition to support a motion to strike out his answer upon the ground that it is a sham only. A sham answer is one good in form, but false in fact and not pleaded in good faith. In several of the states, as for instance, New York, Indiana and California, the civil code provides that sham and irrelevant answers may be stricken out upon such terms as the court may in its discretion impose. The code of this state contains no such provision. In this state a petition does not have to be verified, and the answer needs no verification, unless it is intended to put in issue the

execution of a written instrument, or an indorsement thereon, or the existence of a corporation or partnership, or some appointment or authority. Clearly, a general denial, or an answer of new matter, affirmatively pleaded, ought not to be disposed of by the court in a summary way, nor an inquiry in advance of the trial be entertained as to the good faith of the defendant in filing his answer. Affidavits as a general thing are not the best way to hear and try the issues in a case. The defendant's right to have a trial of the issues of his case before the court or a jury ought not to be frittered away. It may be said that a motion to strike out an answer is not the trial of an issue. This is true; but in substance the difference is scarcely perceptible; it calls for a determination whether the pleadings be true or false. If found false and stricken out by the court, the defendant is deprived of any benefits therefrom. If this practice is encouraged or permitted, it is in the power of a plaintiff in every case to file a motion to strike out the answer because it is a sham, and in this way the plaintiff is permitted to have a trial upon affidavits, and if he fails in that, he is still entitled to a trial in the usual and ordinary way. This gives the plaintiff a great benefit, because he hazards nothing by a motion to strike out but costs, while the defendant is precluded from a trial by the court or jury upon oral evidence by an adverse result. At common law a special plea of a matter known to be false was considered as an abuse of justice; and a reasonable exercise of the power to correct and prevent abuses in pleading and practice is said by some of the decisions to be inherent in the court and indispensable to the proper administration of justice. (*Barker v. Foster*, 29 Minn. 166; *Lumber Co. v. Richardson*, 31 id. 267.)

While we shall not go so far in this decision as to say that an answer which is false in fact, and therefore a sham, may not, under some circumstances, be stricken out, yet we do not think it good practice to permit a motion to be filed to strike out an answer as a sham, and then compel the defendant to make affidavit or give a deposition to be used upon the motion. On the part of a plaintiff, the answer may be claimed to be

*In re* Farr, *Petitioner.*

untrue in fact. On the part of the defendant, the answer may be filed in good faith and with the honest belief that its allegations are true. In such a case, it would be a great injustice to have the judgment of the court expressed upon affidavits merely. There is no more reason for striking out a false answer than a false petition. In the judgment of the plaintiff, almost every answer filed is false or untrue, and if courts are permitted to hear and dispose of answers upon affidavits only, much of the time of the courts will be wasted in hearing unnecessary and useless motions of this kind. If the facts justified, perhaps the district court might orally examine a defendant as to the truth of his answer. In New York, where provision is made in the code for striking out sham answers or defenses, the court has no power to strike out a sham answer consisting of a general denial. (*Wayland v. Tysen,* 45 N. Y. 281; *Schultze v. Rodewald,* 1 Abb. N. C. 365.) Such is also the rule in California. (*Fay v. Cobb,* 51 Cal. 313.)

We do not think the petitioner is required to give his affidavit or deposition to be used upon the motion to strike his answer from the files. He will therefore be discharged, with costs.

All the Justices concurring.