JOHN DOBSON *et al. vs.* MORRIS L. HALLOWELL *et al.*

Argued April 13, 1893.    Decided April 27, 1893.

**Sham Answer Stricken Out, Although Verified.**

> A verified answer *held* properly stricken out as sham; it appearing by
> affidavits that the defendants had admitted that there was no defense
> to the cause of action, and such admissions being really undenied and un-
> explained by the opposing affidavit of one of the defendants, which ap-
> pears to be evasive.

**Immaterial Issue.**

> Several plaintiffs, suing as indorsees of promissory notes, alleged that
> they were partners.    *Held*, that this was immaterial.

Appeal by defendants, Morris L. Hallowell, Jr., and Samuel P.
Snider, from a judgment of the District Court of Hennepin County,
*William Lochren*, J., entered April 6, 1892, against them for $10,-
295.82.

Action brought by John Dobson and James Dobson, partners, upon two promissory notes. The defendants filed and served a verified answer. On motion this answer was stricken out as sham, and judgment was entered as for want of an answer. From that judgment this appeal is taken.

*Cross, Carleton & Cross*, for appellants.

The doctrine laid down in *Morton* v. *Jackson*, 2 Minn. 219, (Gil. 180.) that denials of material allegations could not be stricken out as sham, has been so much the general doctrine of the Code States, including New York, that the decision of this court in *C. N. Nelson Lumber Co.* v. *Richardson*, 31 Minn. 267, changing the rule, is noted in Bliss, Code Pleading, § 422, as practically standing alone. The question was approached on two prior occasions. *Barker* v. *Foster*, 29 Minn. 166; *Schmitt* v. *Cassilius*, 31 Minn. 7. These decisions were both after that in *Hayward* v. *Grant*, 13 Minn. 165, (Gil. 154.) In the case of *Wheaton* v. *Briggs*, 35 Minn. 470, this court adhered to the doctrine. In the case of *Stevens* v. *McMillin*, 37 Minn. 509, the defendant in her affidavits set up facts that showed her denial to be false. The power, however, is to be exercised cautiously. *Wright* v. *Jewell*, 33 Minn. 505; *City Bank* v. *Doll*, 33 Minn. 507; *Smith* v. *Betcher*, 34 Minn. 218; *McDermott* v. *Deither*, 40 Minn. 86.

*Keith, Evans, Thompson & Fairchild*, for respondents.

It is well settled in this state that answers that are false, and because they are false, will be stricken out, whether they contain only general denials or whether they set up new matter also, or whether they are verified or not; for in whatever form they appear their vice is the same. They may be just as false, just as readily interposed in bad faith, and for the mere purpose of delay and obstructing the administration of justice, and therefore just as mischievous and reprehensible in every respect whatever be the garb in which the falsity is dressed. *Barker* v. *Foster*, 29 Minn. 166; *C. N. Nelson Lumber Co.* v. *Richardson*, 31 Minn. 267; *Stevens* v. *McMillin*, 37 Minn. 509.

There is no attempt to show that plaintiffs in Philadelphia were in any way advised of any defect in these notes when they acquired

them, nor that defendants had learned anything that warranted them in so claiming, or in claiming plaintiffs were not *bona fide* purchasers for value before maturity. Defendants call attention to the fact that there was an extension of time to answer, as though thereby we had conceded to them the right to construct and serve a sham answer, disregarding the reiterated promises to pay as soon as funds were forthcoming and available. *Van Loon* v. *Griffin*, 34 Minn. 444; *People* v. *McCumber*, 18 N. Y. 315.

DICKINSON, J. This action is to recover against the defendants as makers of two promissory notes, each for the sum of $5,000, alleged to have been made by the defendants, partners, payable to the order of the defendant Snider, by him indorsed and negotiated, and of which the plaintiffs are alleged to have become the owners before maturity. A verified answer was interposed, purporting to put in issue the alleged partnership of the plaintiffs; admitting the partnership of the defendants; admitting the signing of the notes by the defendants, and the indorsed signature of Snider; but alleging that there was no consideration for the notes, and that they were never delivered or negotiated by the defendants or by their authority, and that the plaintiffs had notice of this. The ownership of the notes by the plaintiffs is also denied.

Upon affidavits the plaintiffs moved that the answer be stricken out as sham. The motion was granted. This is an appeal from the judgment.

It has come to be the rule in this state, settled by numerous decisions of this court, that even a verified answer may be stricken out as sham when its falsity is so clearly shown that it is apparent that the alleged defense is a mere pretense, and not made in good faith. An examination of this case, as presented on the motion, satisfies us that it falls within the conditions above indicated, and that the court was right in its decision of the motion.

As to the alleged partnership of the plaintiffs, it is enough to say that, if the answer raised an issue as to the fact, it was wholly immaterial.

The affidavits on the part of the plaintiffs set forth, at considerable length and with particularity, facts bearing upon the alleged defense that the notes were without consideration, and were never

delivered or negotiated by the defendants, or by their authority. We shall not here refer particularly to the facts so stated. It may be said in brief that it appears from these affidavits that, some two months before the commencement of this action, the plaintiffs' attorneys, having received the notes for collection, presented them personally to both the defendants for payment; that the latter declared their inability to pay them at that time, because of financial embarrassments, which temporarily disabled them from meeting these and other obligations, but stated that negotiations were pending which they expected would soon enable them to pay the notes. It is shown that they admitted their liability on the notes, and promised to pay them, and that although there were continued negotiations upon the subject, in the course of which the defendants offered certain property in payment, they did not intimate that they had any defense to the notes.

Such a showing of the admissions and conduct of the defendants themselves, so inconsistent with the truthfulness of the defense shortly afterwards interposed to the action, called for some reasonable explanation on their part, in opposition to the motion. *Van Loon* v. *Griffin*, 34 Minn. 444, (26 N. W. Rep. 601.) The facts thus shown, of the defendants' recognition and admission of the validity of the notes, were not denied by opposing affidavits, and the only explanation offered was in an affidavit by the defendant Snider, to the effect that *he* was not *certain* what notes these were *when they were presented to him;* that he had not *then* consulted his attorneys, and was not advised as to his legal rights, and did not know that said notes were, as he afterwards learned, a part of a large number of notes which had been issued without the authority of the defendants, and without any consideration. This does not fairly meet the case. The defendants presumably had some knowledge of the circumstances under which notes to the amount of $10,000, admitted to have been signed by them, had passed out of their hands; and having, during continued negotiations for their payment, admitted their validity and their own liability, it was incumbent on them, when the good faith of their answer, inconsistent with their admissions and conduct, was properly called in question, (as it was by this motion,) to offer some real explanation of the matter, and not rest on the bare general averment, pleaded as a defense, and the bare uncircumstan-

tial statement in the affidavit, seemingly evasive, that, when the notes were presented for payment, one of the defendants did not know that these notes were a part of a large number of notes which had been issued without authority and without consideration.   In several particulars this affidavit obviously, and, as it would seem, studiously, evaded the facts to which the proof and explanation should have been directed; and the case of the plaintiffs, going to show that the defense had not been pleaded in good faith, remained substantially unopposed by denial or explanation.   The court was justified under these circumstances in its conclusion that the defense was not real, but sham.   We may disregard, as not materially affecting this result, the affidavit of Mr. Barringer, the counsel for the plaintiffs, in Philadelphia, and of Mr. Cross, one of the defendants' attorneys, presenting some conflict as to what occurred between those affiants.

As to the plaintiffs' ownership of the notes, the plaintiffs' case is not only entirely unopposed, but is supported by the defendants' admissions already referred to; and, setting aside the defense as pleaded, as to the issuing of the notes and the want of consideration, it is immaterial whether the plaintiffs acquired them before or after maturity.

Judgment affirmed.

VANDERBURGH, J., did not sit.

(Opinion published 54 N. W. Rep. 939.)