WALTER E. WHITE v. PETER MOQUIST.[1]

May 10, 1895.

Nos. 9314—(130).

Striking Out Pleading.

> *Held*, that the court was justified in striking out defendant's answer as sham.

Appeal by defendant from an order of the district court for Ramsey county, Willis, J., striking out the answer. Affirmed.

*A. B. Darelius,* for appellant.

*Herbert E. Day,* for respondent.

MITCHELL, J.[2]   The allegations of the complaint were that plaintiff leased certain premises to defendant for a year, at an agreed rent of $200, payable one-half May 15, 1894, and the other half August 15, 1894, and that defendant has only paid $90. Judgment was asked for $110. The defendant, in his answer, denied that there was any greater sum than $85 due plaintiff for rent, and alleged that "plaintiff has been paid in cash and other personal property, consisting of hay, in the aggregate the sum of $115." This answer was verified by defendant's attorney. The answer was, on motion of plaintiff, stricken out as sham. In support of his motion, plaintiff made an affidavit that all the cash defendant had paid was $90, which was paid on the first instalment of rent; that the only facts relating to the payment of hay were that, in the latter part of June, plaintiff, with the permission of defendant, cut some hay growing on the street in front of the leased premises; that the amount thus cut did not exceed 1,500 pounds, and was not worth to exceed $3; that plaintiff never promised to pay defendant anything therefor, and that defendant never made any demand or claim on account of the same until after the second instalment of rent was due; that plaintiff never received from defendant any other cash or personal property except as above stated. The defendant presented no counter affidavits.

While a court should be exceedingly careful not to strike out a

---

[1] Reported in 63 N. W. 255.          [2] Buck, J., absent, took no part.

pleading as sham except where its falsity is clearly established, yet, upon the showing made in this case, we think the court was justified in striking out this answer. Its allegations as to how payment had been made—how much in cash, and how much in hay —were exceedingly indefinite, and apparently evasive. The pleading was verified by the attorney, who may have had no personal knowledge of the facts. To plaintiff's affidavit, the contents of which were quite minute and specific, the defendant interposed neither denial nor explanation. As was suggested in Van Loon v. Griffin, 34 Minn. 444, 26 N. W. 601, it would be imposing no great hardship on defendant to require him to explain or dispute plaintiff's statements, and, if he omits to do so, to take them as true.

Order affirmed.