WILLIAM PFAENDER v. WINONA & ST. PETER RAILROAD
COMPANY.[1]

October 25, 1901.

Nos. 12,734—(42).

### Verified Answer—Striking Out.

A verified answer should be striken out as sham and false only when its falsity is clear and indisputable, when it is evident that it was interposed as a mere pretense, in bad faith, and without color of fact. The burden is upon the moving party to show the falsity, from a showing of which follows an inference of bad faith. It is *held* in this case that, within this rule, defendant's answer—a verified general denial to a complaint in ejectment—was improperly stricken out.

Appeal by defendant from an order of the district court for Brown county, Webber, J., striking out defendant's answer as sham, false and frivolous. Reversed.

*Brown, Abbott & Somsen,* for appellant.

*Albert Pfaender,* for respondent.

BROWN, J.

This is an action in ejectment. The complaint, which was duly verified, is in the usual form, alleging ownership and right to the possession of the property, and the wrongful and unlawful detention by defendant, to plaintiff's damage in the sum of $50, and that defendant injured and damaged the property to the extent of $50 by taking and removing earth therefrom. Plaintiff moved the court below, on affidavits, to strike out the answer—a general denial, duly verified—as sham, false, and frivolous, and for judgment notwithstanding the same. The motion was granted, and defendant appealed.

The rule on the subject of striking out answers as sham and false is stated very clearly in Wright v. Jewell, 33 Minn. 505, 24 N. W. 299, as follows:

"While the power to strike out an answer or defense as sham, i. e. false, is given by statute, and has been repeatedly recognized.

[1] Reported in 87 N. W. 618.

by this court, it is only when the falsity is clear and indisputable, when the answer or defense is evidently a mere pretense, set up in bad faith, and without color of fact, that the power should be exercised."

Applying this rule, we have only to inquire whether, from the showing made by plaintiff in support of his motion, the falsity of defendant's answer is clear and indisputable. The burden to show such falsity was upon plaintiff. Defendant was not required on this motion to prove the truth of its defense or the truth of the allegations called in question, but plaintiff, being the moving party, had the burden to show their falsity, from a showing of which would follow an inference that the answer was interposed in bad faith. We are of the opinion that the showing made was insufficient to justify the order appealed from.

The complaint alleges plaintiff's ownership of the property, his right to its possession, and that defendant has injured and damaged it to the extent of $50 by taking and removing earth therefrom. Judgment is demanded for the possession of the property and for damages. Defendant's answer puts in issue all these allegations, and presents material issues for trial. The only showing made in support of the motion was by affidavits,—one by the plaintiff himself, and one by his attorney. Plaintiff's affidavit states in general terms that he is the owner of the property and entitled to its possession. It states no facts showing title or right to possession, but rests wholly in conclusions, and is of no more force or effect than the affidavit of verification to the complaint. The attorney's affidavit is to the effect that he has examined the records in the office of the register of deeds, and he states, as a conclusion from such examination, that plaintiff owns the property. The facts upon which he bases his conclusion are not stated, nor does he give the contents of any of the records examined by him. His affidavit contains nothing but conclusions, and tends in no degree to show that the answer of defendant is not true.

The other affidavits offered in support of the motion are to the effect that defendant has taken possession of the property. They do not attempt to establish plaintiff's title or right of possession,

and are of no controlling importance. There was no attempt to show that defendant damaged the property by digging up and removing earth therefrom, and nothing was offered to sustain the complaint in that respect. Defendant supports its answer by an affidavit of an agent of the company to the effect that he believes the answer to be true, and by an affidavit of one of its attorneys to the effect that defendant has, in his judgment, a good and substantial defense to the action, and that the answer was interposed in good faith. So far as a showing of facts relative to the title to the property is concerned, both parties might as well have rested on the verified pleadings. No facts whatever are stated by either, and, as plaintiff's corroborating affidavits do not clearly and indisputably show the falsity of the answer, the order appealed from cannot be sustained.

Order reversed.