FIRST NATIONAL BANK OF ST. CLOUD v. GEORGE LANG and Another.[1]

February 24, 1905.

Nos. 13,806—(216).

**Frivolous Answer.**

When a complaint alleges the execution of a promissory note by defendant, and the answer contains a general denial and new matter not constituting a defense in law, that answer should be stricken out on motion, as sham and frivolous, if it be made clearly and indubitably to appear, as by defendant's own admitted letters, that he did execute and promise to pay the note.

**Accommodation Note.**

That a note was made solely for the accommodation of a third person, for no valid consideration passing to the maker, is no defense to an action by the holder thereof, with notice of these facts, at the time of delivery, who has, in the regular course of business and for value, taken it before its maturity.

**Consideration.**

A benefit accruing to the person accommodated is a sufficient consideration to sustain the liability of the accommodation maker or indorser.

**Review of Discretionary Orders.**

Purely discretionary orders are reversible only upon the ground of an abuse of discretion. An order concerning leave to amend pleadings is within this class.

Action in the district court for Stearns county to recover $2,409.07 and interest upon a promissory note executed by defendant Lang and indorsed and guarantied by defendant C. E. Clarke. The answer of defendant Lang, who alone appeared, was on motion stricken out by the court, Baxter, J., as sham and frivolous, and thereafter the court denied defendant permission to serve a proposed amended answer. From a judgment entered in favor of plaintiff as for want of an answer, defendant appealed. Affirmed.

*A. E. Clark,* for appellant.

*Reynolds & Roeser,* for respondent.

[1] Reported in 102 N. W. 700.

JAGGARD, J.

This is an appeal from a refusal by the trial court to allow an amended answer to be filed in lieu of the original, which the court had stricken out as sham and frivolous.

The complaint sets forth a promissory note to respondent, signed by appellant, and guarantied and transferred to respondent by another defendant, named Clarke. The original answer, besides pleading the general issue, sets forth that the note was executed by appellant solely for the accommodation of said Clarke, and without consideration, and that these facts were well known to respondent at the time the note was transferred to it. This answer respondent moved to strike out as sham and frivolous, on affidavits denying said new matter in the answer, and setting forth that the note in suit was given as a renewal of the two other notes signed and delivered by the same parties, and that, after its maturity and frequent demands to pay, appellant wrote three letters acknowledging the debt, and promising to pay or arrange this note. The appellant filed a counter affidavit, stating at length a series of business transactions between him and Clarke relating to sale of Clarke's horses by him, and to the payment of his indebtedness for them by his deposit with Clarke of notes received by him from the persons to whom he sold the horses. The court granted the motion to strike out the answer as sham and frivolous.

Thereupon appellant moved for leave to file an amended answer. The proposed amended answer pleaded the general issue, alleged in greater detail the transactions between appellant and Clarke, and was in all other respects substantially the same as, and consistent with, the original answer, excepting in this: That it alleged that the note in suit was signed and executed by appellant solely for the accommodation of plaintiff and also of defendant Clarke, instead of for the accommodation of Clarke only, as set forth in the original answer. This difference does not affirmatively appear to have been called to the attention of the trial court, nor was it emphasized here. The court denied the motion, judgment was entered for plaintiff, and this appeal was then taken.

1. The legal sufficiency of defenses to an action to put a promissory note into judgment is ordinarily determined by demurrer, or some appropriate form of motion specifically directed thereto. The truth or

falsity of such defenses is normally tried by a jury, with full opportunity for producing, examining, and cross-examining witnesses. Courts properly refuse to try cases on affidavits. A motion to strike out an answer as sham and frivolous will therefore be granted only in extraordinary cases, in which the propriety and necessity of so doing is clear and free from doubt. Wright v. Jewell, 33 Minn. 505, 24 N. W. 299. And mere affidavits simply denying the facts alleged in the answer, and asserting their falsity, are insufficient foundation for such an order. City Bank v. Doll, 33 Minn. 507, 24 N. W. 300. But where the falsity of the essential facts of a pleading is certainly and indisputably shown, especially when they fail in legal sufficiency, the courts will not permit that pleading to delay or obstruct the administration of justice, but will, on motion, strike it out as sham and frivolous. Morton v. Jackson, 2 Minn. 180 (219); Barker v. Foster, 29 Minn. 166, 12 N. W. 460; Van Loon v. Griffin, 34 Minn. 444, 26 N. W. 601; Stevens v. McMillin, 37 Minn. 509, 35 N. W. 372; Dobson v. Hallowell, 53 Minn. 98, 54 N. W. 939.

The trial court properly granted the motion to strike out appellant's answer. That answer contained a general denial. Therefore respondent could not demur, nor move for judgment on the pleadings. Its motion was a proper one. The letters of appellant show the falsity of the general denial, and establish the genuineness of the respondent's claim. He expressly admits them. The new matter set up in the answer—the explanatory statements of his affidavits—tends only to support the alleged defense that the note was executed without consideration and as accommodation paper, and it may be admitted that this was known to respondent. This does not make out a defense. No evidence to maintain it would have been received on the trial, as against the plaintiff, who took the note in the regular course of business before its maturity. A benefit accruing to the person accommodated is a sufficient consideration to sustain the liability of the accommodation maker or indorser. Tourtelot v. Reed, 62 Minn. 384, 64 N. W. 928; Rea v. McDonald, 68 Minn. 187, 71 N. W. 11; 7 Cyc. 723; 2 Current Law, 1027, 1028; Wedge v. National (Colo. App.) 73 Pac. 873; Boughner v. Meyer, 5 Colo. 71; Hill v. Coombs, 93 Mo. App. 264. See also State v. Hayes (S. D.) 92 N. W. 1068. The answer was frivolous, within the test that, if true, it does not contain any defense to any

part of the plaintiff's cause of action, and its insufficiency as a defense is so glaring that the court can determine it upon a bare inspection, without argument. Nichols v. Jones, 6 How. Pr. 355.

2. The court properly exercised its admitted discretion in denying the motion to file an amended answer, which, if consistent with the original, did not set forth a defense, and which, if inconsistent, for that reason had no standing of its own, and justified the court's refusal. "Admitting, without deciding, that the proposed amended answer was an improvement upon its predecessor, the court below did not abuse its discretion when it denied defendant's motion for leave to amend, made after the original answer had been shown to be sham and false, and had been stricken out for these reasons." Hertz v. Hartmann, 74 Minn. 320, 322, 77 N. W. 232. "Purely discretionary orders, under the rule universally adopted, are reviewable only upon the ground of an abuse of discretion." An order concerning leave to amend pleadings is within this class. 2 Shipman, Pr. § 919, pp. 1151, 1152.

Judgment affirmed.