## J. I. CASE THRESHING MACHINE COMPANY v. J. G. BARGABOS.[1]

June 6, 1919.

No. 21,199.

**Sale — place of delivery.**

1. One who buys personal property then on the premises of a third party, must take the property where it then is, unless he stipulates for a different place or manner of delivery.

**Same — bill of sale.**

2. The buyer is not entitled to a bill of sale, unless the contract provides for it.

**Same — payment by check — remedy of seller.**

3. Where on a cash sale the buyer gives his check for the purchase price, the payment is conditioned only and if the check be not paid the seller may rescind the sale and retain or retake his goods.

**Same — rescission by seller.**

4. The seller may rescind the sale by any overt act evincing an intention to do so, and if he rescinds the sale he cannot enforce payment of the check thereafter.

**Pleading — striking out answer as sham — consideration.**

5. Where payment of the check was refused, and thereafter the seller asserted ownership of the property and offered it for sale to a third party in whose possession it then was but subsequently brought suit on the check, an answer alleging no consideration for the check should not be stricken out as sham, as the buyer's claim that the seller had rescinded the sale is not clearly shown to be unfounded.

**Same.**

6. An answer can be stricken out as sham only when it appears clearly and indisputably that there is no issue of fact for trial.

[1]Reported in 172 N. W. 882.

Action in the district court for Hennepin county to recover $657.95 upon a check. Plaintiff's motion to strike out defendant's answer as sham and for judgment as for default was granted, Rockwood, J. From the judgment in favor of plaintiff, defendant appealed. Reversed.

*C. Rosenmeier,* for appellant.

*William Furst,* for respondent.

TAYLOR, C.

Plaintiff sued to recover the amount of a check executed to it by defendant. Defendant admitted the execution of the check, but alleged that there was no consideration for it. Plaintiff moved to strike out the answer as sham and for judgment as for default of an answer. The court granted the motion and rendered judgment for the amount of the check. Defendant appealed.

The facts are not much in dispute. J. G. Bargabos & Son were plaintiff's agents at Royalton, Minnesota, for the sale of tractors. One C. B. Pasch, living about seven miles from Royalton, gave an order to plaintiff for a tractor. The terms of sale seem to have been arranged and agreed upon by and between Pasch and a representative of plaintiff named Henderson. By the contract with Pasch plaintiff agreed to take an old steam engine then owned by Pasch as a part of the purchase price, but, as a part of the transaction by which plaintiff agreed to take the engine, plaintiff made a contract with defendant, whereby defendant's firm agreed to take the engine from plaintiff and pay plaintiff therefor the amount due plaintiff for the tractor over and above the amount paid in cash by Pasch. The sale to Pasch was completed and Pasch gave plaintiff a bill of sale of the engine. The amount due plaintiff from defendant's firm for the engine was agreed upon and defendant gave the check in controversy for this amount. After delivering the check, defendant demanded a bill of sale of the engine from plaintiff which was refused. Thereupon defendant notified the bank not to pay the check and pursuant to this notice the bank refused to pay it. After plaintiff had presented the check to the bank and payment had been refused, plaintiff, claiming to be the owner of the engine, offered to sell it back to Pasch on whose farm it still remained. Pasch refused to buy it, whereupon plaintiff directed him to take it to Royalton and deliver it to defendant, and brought this

suit on the check. After the suit had been commenced, Pasch took the engine to Royalton and tendered it to defendant who refused to receive it.

The contract between plaintiff and defendant contained no provision for a bill of sale, nor as to the place or manner of delivery of the engine which was then at the Pasch farm as both parties knew. While plaintiff refused to give a bill of sale, no claim is made that plaintiff did anything to prevent defendant from taking possession of the engine. Defendant was not entitled to a bill of sale, as he had not stipulated for it, and it was not necessary to pass title to the property. 35 Cyc. 161. Not having stipulated for any different place or manner of delivery, it was the duty of defendant to take the engine on the Pasch farm where it then was. Uniform Sales Act, Laws 1917, p. 779, c. 465, § 43; 24 Am. & Eng. Enc. (2d ed.) 1068; 23 R. C. L. p. 1376, § 199. The transaction was in substance a cash sale. When defendant gave his check for the full amount of the purchase price and this check was accepted by plaintiff, the sale was completed subject to the condition that the check be paid by the bank in the usual course of business. Had the check been so paid, title to the engine would have vested absolutely in defendant or his firm. But payment by check is conditional only, and, if the check be not paid, the seller in a cash sale may rescind the sale and retain or retake his goods. Laws 1917, pp. 782, 783, 786, c. 465, §§ 52, 53, 54, 61; National Bank of Commerce v. Chicago, B. & N. R. Co. 44 Minn. 224, 46 N. W. 342, 560, 9 L.R.A. 263, 20 Am. St. 566; 23 R. C. L. p. 1388, § 211.

The Uniform Sales Act provides:

"The transfer of title shall not be held to have been rescinded by an unpaid seller until he has manifested by notice to the buyer or by some other overt act an intention to rescind. It is not necessary that such overt act should be communicated to the buyer." Laws 1917, p. 786, c. 465, § 61.

When payment of the check was refused, plaintiff had the right to rescind the sale and retain the engine or to affirm the sale and enforce payment of the check. Claiming ownership of the engine and offering to sell it to Pasch, was evidence tending to show an intention to rescind. If plaintiff's conduct amounted to a rescission of the sale, plaintiff was

not entitled to recover on the check, and defendant's claim of no consideration for the check was not sham but a valid defense to the suit.

An answer cannot be stricken out as sham when it appears that there is a real issue to be tried, but only when it appears clearly and indisputably that the asserted defense is wholly unsupported by the facts. Wright v. Jewell, 33 Minn. 505, 24 N. W. 299; Pfaender v. Winona & St. Peter R. Co. 84 Minn. 324, 87 N. W. 618; Brown-Forman Co. v. Peterson, 101 Minn. 53, 111 N. W. 733; Estate of Beckwith v. Golden Rule Co. 108 Minn. 89, 121 N. W. 427. If there be an issue of fact, it must be determined by a trial and not on a motion to strike out the answer. Defendant's claim that plaintiff had rescinded the sale is not clearly shown to have been unfounded, and the answer should not have been stricken out as sham.

Judgment reversed.